# CHESAPEAKE & OHIO RAILWAY CO. *v.* COCKRELL, ADMINISTRATOR.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 100. Argued December 5, 1913.—Decided January 19, 1914.

As the right to remove a cause from a state to a Federal court exists only in enumerated classes of cases, the petition must set forth the particular facts which bring the case within one of such classes; general allegations and mere legal conclusions are not sufficient.

The right of a non-resident defendant to remove the case cannot be defeated by the fraudulent joinder of a resident defendant; but the defendant seeking removal must allege facts which compel the conclusion that the joinder is fraudulent; merely to apply the term "fraudulent" to the joinder is not sufficient to require the state court to surrender its jurisdiction.

Where plaintiff's statement of his case shows a joint cause of action, as tested by the law of the State, the duty is on the non-resident defendant seeking removal to state facts showing that the joinder was a mere fraudulent device to prevent removal.

It is not sufficient for a non-resident railroad corporation, joined as defendant in a suit for personal injuries with two resident employés in charge of the train which did the injury, to show in its petition an absence of good faith on plaintiff's part in bringing the action at all;— the petition must show that the joinder itself is fraudulent.

This court, while affirming the judgment of the Court of Appeals of the State, may, as it does in this case, express its disapproval of the reasoning on which it was based.

Issues of fact arising upon a petition for removal are to be determined in the Federal court; and, where the petition sufficiently shows a fraudulent joinder and the proper bond has been given, the state court must surrender jurisdiction, leaving any issue of fact arising on the petition to the Federal court. *Wecker* v. *National Enameling Co.*, 204 U. S. 176.

Where the state court refuses to give effect to a proper petition and bond on removal, the defendant may resort to certiorari from the Federal court to obtain the certified transcript and injunction to prevent further proceedings in the state court.

144 Kentucky, 137, affirmed.

THE facts, which involve the validity of a judgment of the Court of Appeals of the State of Kentucky and the construction of the statutes relative to removal of causes from the state to the Federal court, are stated in the opinion.

*Mr. John T. Shelby,* with whom *Mr. Henry T. Wickham, Mr. Henry Taylor, Jr.,* and *Mr. D. L. Pendleton* were on the brief, for plaintiff in error:

Although plaintiff's declaration states a good cause of action against the resident defendants and, under the law of Kentucky it makes out a case of joint liability on all the defendants, still, as the averments of fact upon which he predicates the charge of joint liability is palpably untrue, and the joinder made for the fraudulent purpose of depriving the non-resident defendant of the right to invoke the jurisdiction of the Federal court, the right of removal will not be destroyed by such joinder. *Wecker* v. *National Enameling Co.*, 204 U. S. 176.

Where a non-resident defendant in a petition for removal appropriately attacks as false and fraudulent the averments of fact upon which, in the plaintiff's petition the charge of joint liability is based, the allegations of

the removal petition must, for the purpose of determining
the right of removal, be taken as true by the state court,
and if the plaintiff desires to make an issue as to their
truth, he must do this, in the Federal court, which latter
alone has jurisdiction to try such issue. Where, admitting
the averments of fact made in the removal petition to be
true, they make a proper case for removal, the application
*ipso facto* works the transfer to the Federal court and
deprives the state court of its jurisdiction to proceed
further. *Stone* v. *South Carolina,* 117 U. S. 430; *Carson* v.
*Hyatt,* 118 U. S. 279; *Carson* v. *Dunham,* 121 U. S. 421;
*Burlington &c. R'y Co.* v. *Dunn,* 122 U. S. 513; *Crehore* v.
*O. & M. R'y Co.,* 131 U. S. 240; *Kansas City R'y Co.* v.
*Daughtry,* 138 U. S. 298; *Tex. & Pac. R'y Co.* v. *Eastin,* 214
U. S. 153; *Ill. Cent. R'y Co.* v. *Sheegog,* 215 U. S. 308, 316.

Notwithstanding the clearness with which this court
has so often reiterated this rule, the Kentucky Court of
Appeals in *I. C. R. R. Co.* v. *Coley,* 121 Kentucky, 385,
and *Dudley* v. *I. C. R. R. Co.,* 127 Id. 221, and other cases,
has erroneously held that even where the removal petition
contains allegations which, if true, make a case for re-
moval, the state court has the right to inquire whether
the facts alleged in the petition for removal be true. *Ala.
& G. S. R. R. Co.* v. *Thompson,* 200 U. S. 206, is not
applicable to this case.

*Mr. Edward S. Jouett,* with whom *Mr. Beverley R.
Jouett* and *Mr. A. F. Byrd* were on the brief, for defendant
in error:

The state court is not bound to surrender its jurisdiction
unless the face of the record shows the defendant entitled
to remove. *Ala. & G. S. R'y Co.* v. *Thompson,* 200 U. S.
206; *Carson* v. *Hyatt,* 118 U. S. 279; *Crehore* v. *O. & M.
R'y Co.,* 132 U. S. 240; *Louis. & Nash. R. R. Co.* v. *Wang-
lin,* 132 U. S. 599; *Stone* v. *South Carolina,* 117 U. S. 430.

Joint action is maintainable against the corporation

and its employé.  *Cent. Pass. R'y Co.* v. *Kuhn*, 86 Kentucky, 578; *C., N. O. & T. P. R'y Co.* v. *Bohon*, 200 U. S. 221; *C. & O. R'y Co.* v. *Dixon*, 179 U. S. 131; *I. C. C. R. Co.* v. *Coley*, 28 K. L. R. 336; *Jones* v. *I. C. R. R. Co.*, 26 K. L. R. 31; *Pugh* v. *C. & O. R'y Co.*, 101 Kentucky, 77; *Rutherford* v. *I. C. R. R. Co.*, 27 K. L. R. 397.

The mere allegation that the joinder is fraudulent is not sufficient to authorize removal.  Facts showing actual fraud in connection with the joinder must be alleged. *Alabama G. S. R'y Co.* v. *Thompson*, 200 U. S. 206; *Ches. & Ohio R'y Co.* v. *Dixon*, 179 U. S. 135; *Ches. & Ohio R'y Co.* v. *McCabe*, 213 U. S. 215; *Cin., N. O. & Tex. Pac. R'y Co.* v. *Bohon*, 200 U. S. 221; *C., B. & Q. R. Co.* v. *Willard*, 220 U. S. 413; *C., R. I. & P. R'y Co.* v. *Schwyhart*, 227 U. S. 184; *Ill. Cent. R'y Co.* v. *Sheegog*, 215 U. S. 308.

A removal petition which, as in this case, alleges no extraneous facts in connection with the joinder, but merely enumerates the plaintiff's charges of negligence against the resident defendant and declares that each such allegation is false, was known so to be by plaintiff, and was made for the fraudulent purpose of defeating removal, is insufficient.  *Enos* v. *Kentucky Distilleries Co.* (C. C. A.), 189 Fed. Rep. 342; *Ill. Cent. R'y Co.* v. *Sheegog*, 215 U. S. 308.

The opinion of the court below shows that the fireman was negligent and was personally liable for his negligence.

Before this suit was filed the Kentucky courts had decided that the fact, admitted here, of the fireman not looking ahead upon approaching a crossing constituted negligence.  *L. & N. R. R. Co.* v. *Gilmore*, 114 S. W. Rep. 752; *L. & N. R. R. Co.* v. *Taylor*, 104 S. W. Rep. 776.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action begun in the Circuit Court of Clark County, Kentucky, by an administrator, to recover

damages for the death of his intestate, the defendants being a railway company and the engineer and fireman of one of its trains which struck and fatally injured the intestate at or near a public crossing in Winchester, Kentucky. The administrator, engineer and fireman were citizens of Kentucky, and the railway company was a Virginia corporation. The latter in due time presented to the court a verified petition and proper bond for the removal of the cause into the Circuit Court of the United States, but the court declined to surrender its jurisdiction and, over the company's protest, proceeded to a trial which resulted in a judgment against the company, and the Court of Appeals of the State affirmed the judgment, including the ruling upon the petition for removal. 144 Kentucky, 137.

The sole question for decision here is, whether it was error thus to proceed to an adjudication of the cause notwithstanding the company's effort to remove it into the Federal court.

Rightly understood and much abbreviated, the plaintiff's petition, after stating that the train was being operated by the engineer and fireman as employés of the railway company, charged that the injury and death of the intestate were caused by the negligence of the defendants (a) in failing to maintain an adequate lookout ahead of the engine, (b) in failing to maintain any lookout upon the left or fireman's side, from which the intestate went upon the track, (c) in failing to give any warning of the approach of the train, and (d) in continuing to run the train forward after it struck the intestate, and was pushing her along, until it eventually ran over and fatally injured her, when it easily could have been stopped in time to avoid material injury. There was a prayer for a judgment against the three defendants for $25,000, the amount of damages alleged.

The railway company's petition for removal, while not

denying that the engineer and fireman were in the employ of the company or that they were operating the train when it struck and injured the intestate, did allege that the charges of negligence (all being specifically repeated) against the defendants were each and all "false and untrue, and were known by the plaintiff, or could have been known by the exercise of ordinary diligence, to be false and untrue, and were made for the sole and fraudulent purpose of affording a basis, if possible, for the fraudulent joinder" of the engineer and fireman with the railway company and of "thereby fraudulently depriving" the latter of its right to have the action removed into the Federal court, and that none of the charges of negligence on the part of the engineer or fireman could be sustained on the trial.

It will be perceived that but for the joinder of the two employés as co-defendants with the railway company, the latter undoubtedly would have been entitled to remove the cause into the Federal court on the ground of diverse citizenship, there being the requisite amount in controversy; and that the railway company attempted in the petition for removal to overcome the apparent obstacle arising from the joinder. Whether the petition was sufficient in that regard is the subject of opposing contentions.

The right of removal from a state to a Federal court, as is well understood, exists only in certain enumerated classes of cases. To the exercise of the right, therefore, it is essential that the case be shown to be within one of those classes, and this must be done by a verified petition setting forth, agreeably to the ordinary rules of pleading, the particular facts, not already appearing, out of which the right arises. It is not enough to allege in terms that the case is removable or belongs to one of the enumerated classes, or otherwise to rest the right upon mere legal conclusions. As in other pleadings, there must be a statement of the facts relied upon, and not otherwise appearing,

in order that the court may draw the proper conclusion from all the facts and that, in the event of a removal, the opposing party may take issue, by a motion to remand, with what is alleged in the petition. *Gold-Washing & Water Co.* v. *Keyes,* 96 U. S. 199, 202; *Carson* v. *Dunham,* 121 U. S. 421, 426; *Crehore* v. *Ohio & Mississippi Ry. Co.,* 131 U. S. 240, 244; *Chesapeake & Ohio Railway Co.* v. *Powers,* 169 U. S. 92, 101.

A civil case, at law or in equity, presenting a controversy between citizens of different States and involving the requisite jurisdictional amount, is one which may be removed by the defendant, if not a resident of the State in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Louisville & Nashville R. R. Co.* v. *Wangelin,* 132 U. S. 599, 601; *Alabama Southern Railway Co.* v. *Thompson,* 200 U. S. 206, 218; *Wecker* v. *National Enameling Co.,* 204 U. S. 176; *Illinois Central R. R. Co.* v. *Sheegog,* 215 U. S. 308, 316. So, when in such a case a resident defendant is joined with the non-resident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet "fraudulent" to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith, as was the case in *Wecker* v. *National Enameling Co., supra.* See *Illinois Central R. R. Co.* v. *Sheegog, supra; Chicago, Rock Island & Pacific Railway Co.* v. *Dowell,* 229 U. S. 102, 114.

Here the plaintiff's petition, as is expressly conceded, not only stated a good cause of action against the resident defendants, but, tested by the laws of Kentucky, as it

should be, stated a case of joint liability on the part of all the defendants. As thus stated the case was not removable, the joinder of the resident defendants being apparently the exercise of a lawful right. And while the plaintiff's statement was not conclusive upon the railway company, it did operate to lay upon the latter, as a condition to a removal, the duty of showing that the joinder of the engineer and fireman was merely a fraudulent device to prevent a removal. Of course, it was not such unless it was without any reasonable basis.

Putting out of view, as must be done, the epithets and mere legal conclusions in the petition for removal, it may have disclosed an absence of good faith on the part of the plaintiff in bringing the action at all, but it did not show a fraudulent joinder of the engineer and fireman. With the allegation that they were operating the train which did the injury standing unchallenged, the showing amounted to nothing more than a traverse of the charges of negligence, with an added statement that they were falsely or recklessly made and could not be proved as to the engineer or fireman. As no negligent act or omission personal to the railway company was charged and its liability, like that of the two employés, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employés were wrongfully brought into a controversy which did not concern them. As they admittedly were in charge of the movement of the train and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company. We conclude, therefore, that the petition for

removal was not such as to require the state court to sur-
render its jurisdiction. .

While this conclusion requires an affirmance of the
judgment, we would not be understood as approving the
reasoning upon which the action of the trial court was sus-
tained by the Court of Appeals of the State. That court,
apparently assuming that the petition for removal con- ·
tained a sufficient showing of a fraudulent joinder, held
that the questions of fact arising upon the petition were
open to examination and determination in the state court,
and that no error was committed in refusing to surrender
jurisdiction, because upon the subsequent trial the evi-
dence indicated that the showing in the petition was not
true as to the fireman. In so holding the Court of Appeals
fell into manifest error, for it is thoroughly settled that
issues of fact arising upon a petition for removal are to be
determined in the Federal court, and that the state court,
·for the purpose of determining for itself whether it will
surrender jurisdiction, must accept as true the allegations
of fact in such petition. *Stone* v. *South Carolina,* 117 U. S.
430, 432; *Crehore* v. *Ohio & Mississippi Ry. Co., Illinois
Central R. R. Co.* v. *Sheegog,* and *Chicago, Rock Island &
Pacific Ry. Co.* v. *Dowell, supra.* In this case had the peti-
tion contained a sufficient showing of a fraudulent joinder,
accompanied as it was by a proper bond, the state court
would have been in duty bound to give effect to the peti-
tion and surrender jurisdiction, leaving any issue of fact
arising upon the petition to the decision of the Federal
court, as was done in. *Wecker* v. *National Enameling Co.,*
*supra.* And had the state court refused to give effect to
the petition, it and the bond being sufficient, the railway
company might have obtained a certified transcript of the
record, resorting if necessary to a writ of certiorari for that
purpose, and, upon filing the transcript in the Federal
court, might have invoked the authority of the latter to
protect its jurisdiction by enjoining the plaintiff from tak-

ing further proceedings in the state court, unless the cause should be remanded. *Traction Co.* v. *Mining Co.,* 196 U. S. 239, 245; *Chesapeake & Ohio Railway Co.* v. *McCabe,* 213 U. S. 207, 217, 219; *Chesapeake & Ohio Railway Co.* v. *McDonald,* 214 U. S. 191, 195; *French* v. *Hay,* 22 Wall. 250; *Dietzsch* v. *Huidekoper,* 103 U. S. 494.

*Judgment affirmed.*