## SMITH v. UNITED GAS PUBLIC SERVICE CO.

### No. 2185.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 26, 1932.

Foster, Hall, Barret & Smith, of Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., and Hudson, Potts, Bernstein & Sholars, of Monroe, La., for defendant.

DAWKINS, District Judge.

This suit was filed in the state court for Caddo parish, La., and removed here on the ground of diverse citizenship. The petition alleges that the plaintiff leased certain lands for mineral development under a contract which finally found its way into the hands of defendant, as assignee, and by which he was to receive one-eighth of the market price of the gas; that on or about December 26, 1931, defendant drilled a well on the premises from which it has taken and sold quantities of gas, gasoline, and other minerals, but that it had no right to take or utilize the gasoline, and, since plaintiff owns one-half of the minerals under said land, he is entitled to recover that proportion of the value of the gasoline. In the alternative, petitioner claims a royalty of one-eighth upon one-half of said gasoline, if it should be held that defendant is entitled to take and market this product. It is further alleged that the plaintiff is without knowledge as to the quantities of gas and gasoline taken from the property, and he asks that the defendant be compelled to account therefor. Pursuant to a practice under the state law, interrogatories "on facts and articles" were propounded to defendant, requiring it to state the quantities of gas and gasoline taken, as well as the price received therefor. It is specifically alleged that the amount involved is less than $3,000.

In its petition for removal, the defendant alleges that the amount in controversy exceeds $3,000, but recites no additional facts upon which this conclusion is based other than those disclosed in the plaintiff's suit.

A motion to remand has been filed by the plaintiff and admissions made and evidence adduced show that the value of the gas and gasoline taken prior to the filing of the suit, and for which the accounting is claimed, could in no event amount to $3,000. However, it is conceded that the interest claimed by plaintiff in these minerals which will be produced during the life of the lease, will be between $10,000 and $15,000.

The question involved, therefore, is what is the matter in controversy? It must be tested by the pleadings at the time of removal, plus the admissions and undisputed evidence upon that point. In the absence of special facts, as distinguished from conclusions, alleged in the petition for removal, the allegations of the original petition control, and the court is not entitled to consider any possible counterclaim or contention to be raised by the defendant in its answer. Chesapeake & Ohio R. Co. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544. It is true that the extent of plaintiff's right to recover must be determined from an interpretation of the lease attached to and made a part of his petition, but it is conceded that in this suit it cannot equal $3,000. He is seeking a moneyed judgment only, based upon the contract. He does not ask that it be reformed or annulled, so that its interpretation is only incidental to the right to recover the amount claimed. I can see no difference between this case and that of Enger v. Northern Finance Corporation, 31 F.(2d) 136, wherein the authorities are fully reviewed by Judge Sanborn of the District Court of Minnesota. There the plaintiff brought his suit in a state court, claiming forty acres of land, the value of which was considerably below the jurisdiction of a federal court. The right to recover rested upon a title involving three other forty's, the total value of which, added to the one claimed, exceeded $3,000, but it was held that the matter in controversy was the value of the forty acres claimed, and the case had to be remanded. Undoubtedly, a decision of the claims under the lease in the present case will determine the rights of the parties in future actions upon the same contract, but that fact, i. e., the probative effect of the judgment, cannot be taken into consideration in determining the jurisdiction here. See authorities reviewed in the case last above mentioned; also Wright v. Mutual Life Insurance Co. of New York, 19 F.(2d) 117 (C. C. A. 5). The cases cited by defendant to the contrary are mainly those in which the plaintiffs were seeking to cancel, reform, or enjoin action under certain contracts, wherein the matter in controversy was the validity or effect vel non of such agreements. They did not involve as their main purpose the right of the plaintiffs to recover under the terms of such agreements a specific thing or sum of money, as is the case here.

My conclusion is that this action must be remanded to the state court. Proper decree should be presented.