BEAVER DAM CRANBERRY COMPANY, A CORPORATION, ETC., PLAINTIFF-RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, IMPLEADED, ETC., DEFENDANT-APPELLANT.

Argued May 27, 1940—Decided October 10, 1940.

For the plaintiff-respondent, *James Mercer Davis*.

For the defendant-appellant, *John A. Hartpence (James R. Laird,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question raised by this appeal is whether the trial court erred in refusing to order the removal of the issue for trial from the state to the federal court after the plaintiff, having put in its proof at the trial of the cause, had rested. Suit was brought by the plaintiff against the railroad company, a foreign corporation, and one Arthur Adams, a resident of this state, who was joined as a defendant on the averment that he was the servant or agent of the railroad company, in charge of the work undertaken by the railroad company at the time the plaintiff's damages were suffered. The complaint, alleging joint negligence, specified in the case of Adams that he was employed by the non-resident railway corporation to supervise the work of a group of railway employes, assigned to the task of burning up underbrush, weeds and the like, on the lands of the railroad company; that through negligence the fire was not confined to the lands of the railroad company but was permitted to escape and spread over to the property of the plaintiff, destroying its cranberry bogs, vines and other plants.

At the end of the plaintiff's case a motion was made for a nonsuit as to the defendant Adams. The argument for the nonsuit was met by the plaintiff's counsel who said, "The testimony is that he [Adams] was the boss of the men." The trial court did not agree with that statement. Further discussion ensued between court and plaintiff's counsel. Finally plaintiff's counsel said, "I still think there is testimony [*i. e.*, that Adams was in charge] but if the court takes a different view I don't think it is important whether Adams is in the case or not." The court then granted the motion for nonsuit as to Adams and judgment accordingly was entered. Motion for nonsuit as to the defendant railroad company was denied. Defendant's counsel then stated that since Adams was out of the case as a party defendant, the suit was between the plaintiff, a New Jersey corporation, and the Pennsylvania Railroad, a corporation of the State of Pennsylvania; that there was "complete diversity" of citizenship, and request was made for the withdrawal of a juror in order that the case might be removed to the United States District Court for

trial. The court denied this motion and the sole question is whether the trial court erred in this particular by retaining jurisdiction of the cause in the face of the motion to remove it to the federal court.

The cause of action as pleaded was, in the absence of fraudulent joinder, non-removable on the face of the complaint. Such a case, however, may, although not removable at the time fixed by the procedural statute (*Jud. Code,* § 29) *i. e.,* at any time before the defendant is required to answer the complaint, subsequently become removable by amendment to the complaint or other action which would make the case one of complete diversity of citizenship between the parties, assuming of course, as here, that the requisite jurisdictional amount was involved. *Cf. Ayers* v. *Watson,* 113 *U. S.* 594. Here but for the joinder of Adams, a resident of this state, as a defendant, the non-resident defendant would have been entitled to have the cause removed to the federal court by compliance with the procedural statute, *supra.* But, under the circumstances exhibited, the court correctly disposed of the motion for removal by denying it. The right to remove is not revived when there is a nonsuit or direction of verdict in favor of the resident defendant and the non-resident defendant stands alone, unless the nonsuit or direction was entered upon the plaintiff's consent. Nor does a ruling on the merits in favor of the resident defendant *ipso facto* render a cause removable. *Whitcomb* v. *Smithson,* 175 *U. S.* 635; *Ford* v. *Roxanna Petroleum Corp.,* 31 *Fed. Rep.* (2d) 765. But a dismissal as to the resident defendant, voluntary as to the plaintiff, does render the cause, previously non-removable, removable. If a resident defendant be joined with a non-resident defendant, in good faith, the cause on its face is not removable, but where the resident defendant is fraudulently joined the petition for removal should state such facts as to compel the conclusion that the resident defendant had been joined with the non-resident defendant, who petitions for removal, fraudulently and in bad faith. Such petition cannot be supported by the mere inferences or legal conclusions of the pleader. *Cf. Chesapeake and Ohio Railroad* v. *Cockrell, &c.,* 232 *U. S.* 146. None of the cases to which our attention

has been directed stands for the proposition that where a plaintiff, in good faith, brings a joint action against two or more defendants, one of whom is a resident in the state where the suit at law is instituted, that a nonsuit or directed verdict as to such resident defendant over the objection of the plaintiff makes the cause, because of that fact, one that may be removed by the non-resident defendant on the ground of diversity of citizenship. The rule is to the contrary. *Cf. Whitcomb* v. *Smithson Morris, supra; Lathrop, Shea & Henwood Co.* v. *Interior C. & I. Co.,* 215 *Id.* 246; *Great Northern Railway Co.* v. *Alexander,* 246 *Id.* 276; *American Car and Foundry Co.* v. *Kettlehake,* 236 *Id.* 311.

Subsequently in this case a petition for removal was presented to the learned trial court. That petition, among other things, said—and this is the only element in it that need be mentioned—that "the plaintiff had improperly caused to be joined as defendant in this suit one Arthur Adams, a resident of the State of New Jersey, to avoid the removal of this cause to the said United States District Court,·and the said Arthur Adams was continued as defendant down to and during the trial of this cause when at the close of the plaintiff's case, the plaintiff consented to or agreed to the entry of a judgment of nonsuit as to the said Arthur Adams." The last part of this averment is not supported by the record. The former that Adams was "improperly" joined as a defendant is the pleader's conclusion, not founded on any facts. (*Cf. Chesapeake and Ohio* v. *Cockrell, supra*) and is altogether inadequate.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.