**STUMPF v. PANHANDLE EASTERN PIPE LINE CO. et al.**

**THOMPSON v. SAME.**

**DUBBERT v. SAME.**

Nos. 1501–1503.

District Court, W. D. Missouri, W. D.

Sept. 9, 1943.

Cowgill & Popham, of Kansas City, Mo., and Wm. Anderson and Crouch & Crouch, all of Harrisonville, Mo., for plaintiffs.

Johnson & Davis and Alfred Kuraner, all of Kansas City, Mo., and Ray Shubert, of Harrisonville, Mo., for defendants.

REEVES, District Judge.

The non-resident corporate defendant insists that this court has jurisdiction on two grounds: (a) Upon the face of the complaints a separable controversy between the plaintiffs and the non-resident defendant is stated; (b) if a joint cause of action be stated in the complaints, then such averments are fraudulently made for the purpose of defeating the jurisdiction of this court.

The case has been ably argued by counsel for both parties. An inspection of the complaints discloses many averments of joint liability. It is charged that the removing defendant "owned and maintained two 15-inch pipe lines which were submerged underground and running in a generally northeasterly and southwesterly direction" about 100 feet apart, through Missouri and particularly Audrain County, where it is claimed that the plaintiffs were injured due to the alleged negligence of the removing defendant and its local employee, Ossie W. Steele. In the complaints it is averred that the local defendant "was in charge of the work at said place in said district; that he had charge and responsibility of and over the trucks, equipment appliance used and to be used and of the

556

inspection maintenance of said pipe lines, and of the warning signs used and to be placed to give warning of the location of said pipe lines and the danger thereof, and of the danger to others, and of warning them." There were many other allegations with respect to the duties of the local employee.

For joint negligence, it is stated in each complaint that the plaintiffs were employed by the Rural Electrification Corporation and were engaged in "digging a post hole for the purpose of planting an anchor to anchor a pole and when said post-hole was about three feet deep a small charge of dynamite was placed in said hole to blow out rock. When said dynamite exploded, a huge quantity of gas came from one of said pipe lines and caught fire and caused plaintiff to be enveloped in flames and to be grievously burned; * * *."

It is then alleged in each complaint that the several defendants knew of these operations and similar operations by the plaintiffs on behalf of their employer and knew of the danger attendant upon such operations, unless warned, but, notwithstanding such knowledge, " * * * said defendants jointly and negligently failed to have and negligently failed to maintain and use warning signs or markers at said place where the plaintiff was injured to reasonably indicate the presence and location and danger of said pipe lines when they knew it was dangerous not to do so."

There were other averments of concurring negligence, one of which was to the effect that the defendants also "assumed and usually followed a plan and general practice and duty about which plaintiff knew, whereby signs and markers were placed along and over such gas lines and near such places * * *."

The complaints then contained a specific allegation as to the part performed or done by the defendant Steele in connection with the alleged accident. The complaints charge that: "* * * defendant Steele as maintenance foreman of said lines including said location assumed and entered upon the performance of said task and duty and *personally visited the crew of telephone men of which plaintiff was a member and attempted to advise them as to the presence or absence of gas lines and in the performance of said duty defendant Steele negligently and the defendants with joint and concurring negligence failed to give these employees instructions about the lo-cation of the lines at said place and said Steele in said work negligently mislead and misguided the plaintiff and the others with him in the understanding that there was no pipeline and no danger at the place where said explosion took place,* when in truth and fact said lines were maintained at the place where plaintiff and other members of the crew were working, and he says that said explosion and his injuries resulted directly from the joint and concurring negligence of defendants as herein set forth."

The depositions of the defendant Steele and other employees of the defendant were taken. The district foreman, Webster C. Spellman, testified that the defendant Steele was "in charge of our maintenance and operation crew," and that, among other duties performed by the defendant Steele, "A. Well, any of us when we are out like that and we see someone working near a line, why, we stop and find out what they are doing and also try to warn them of our line if we think they are doing anything that might cause us any trouble." "Q. So they won't hurt themselves or—A. (Interrupting) Hurt themselves or break our line. We try to keep continuous service."

1. It will be observed from the foregoing that the complaint not only states a joint cause of action but there was testimony to support the averments to the effect that the defendant Steele, an employee of the corporate defendant, was engaged in the performance of duties on behalf of his employer, which, being negligently done, caused the explosion and the alleged injuries.

The complaints are extensive and by reason thereof serve somewhat to confuse unless pertinent averments are taken from the mass of averments and considered.

The Supreme Court in Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, loc. cit. 152, 153, 34 S.Ct. 278, 280, 58 L.Ed. 544, carefully indicated the rule in cases of alleged fraudulent joinder. The court said to justify a finding of fraudulent joinder the evidence of the removing defendant must make such a showing "as compels the conclusion that the joinder is without right and made in bad faith."

The Court of Appeals, this Circuit, in Morris v. E. I. Du Pont De Nemours & Co., 68 F.2d 788, loc.cit. 792, 793, said that fraudulent joinder only appears when it

is "clearly" shown that the joinder was a mere fraudulent statement or device to prevent removal.

The text of James Hamilton Lewis on Removal of Causes, Section 113, pp. 260, 261, is to the same effect.

2. The case chiefly relied upon by counsel for the removing defendant is that of Ryan v. Standard Oil Co. of Indiana, Mo. App., 144 S.W.2d 170. In that case the St. Louis Court of Appeals merely justified a verdict of the jury in favor of the local defendant because it did not appear that he had sole charge of the place negligently maintained. There was no question of joint liability from the complaint in that case nor from the evidence. The case was submitted to the jury, but the jury returned a verdict in favor of the employee.

In the instant case it might be that the jury will return a verdict for the personal defendant, but, even so, the complaints show joint liability, and the evidence indicates that the averments are not fraudulent or the evidence of fraudulent joinder is not clear and compelling. Accordingly, the cases should be remanded to the state court from which they were removed. It will be so ordered.