## McLAUGHLIN v. ARTHUR MURRAY SCHOOL OF DANCING, Inc. et al.
### (two cases).

### WEST v. SAME.

### Nos. 4691–4693.

District Court, W. D. Missouri, W. D.
May 16, 1947.

792

A. W. Orborne, of Kansas City, Mo., for plaintiffs.

Tucker, Murphy & Wilson, John Murphy, and Robt. L. Spurrier, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

The only question for decision in this case is whether the several plaintiffs joined resident defendants as parties defendants in good faith or for the purpose of defeating the jurisdiction of this court. According to affidavits submitted, the resident defendants were not the employers of or connected in any way with the removing defendants.

The plaintiffs were injured in an automobile collision on December 25, 1946, while proceeding eastwardly in an automobile on 39th Street, and at a point where said street intersects with Bellefontaine Avenue. The defendant, David Ellington, was driving northwardly on Bellefontaine Avenue in a station wagon automobile when the collision occurred.

It is alleged by the several plaintiffs that the said Ellington was operating said station wagon automobile as the agent, servant and employee of the defendants, Arthur Murray School of Dancing, Inc., Robert Cowles and Louise Cowles, doing business as Arthur Murray School of Dancing, Inc., and Lawrence Hanlon. That the complaint is sufficient to state a joint cause of action is beyond controversy.

The removal petition, supported by affidavits of the parties, contains averments to the effect that the several local defendants were in no way connected with the removing defendants as employees or otherwise. Such petition contains an averment also that all of the local defendants "were fraudulently and improperly joined as party defendants to this cause for the sole purpose of defeating the right of your petitioners to remove this cause to the United States District Court."

The affidavits of the parties, and particularly that of counsel for plaintiffs, show that the several defendants were joined in good faith. According to this affidavit the station wagon automobile operated by the defendant David Ellington bore a license issued to the local defendants. This fact, with others, justified the plaintiffs in believing that the said David Ellington was in fact acting as agent and servant of said defendants. It is the rule that merely to traverse the allegations upon which liability of the resident defendant is rested or to apply the epithet fraudulent to the joinder is insufficient to compel the conclusion that the joinder was in fact without right and made in bad faith. Chesapeake & Ohio R. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Polito v. Molasky, 8 Cir., 123 F.2d 258.

The petition for removal, as well as the affidavits in support, amounts to no more than a mere traverse of the averments of the complaint. The evidence at the trial may fully establish the contention of the removing defendants, but, as indicated, the issue here being whether the plaintiffs named the local defendants in good faith, and as the testimony does not show they acted in bad faith, the court must accept the complaint as it is drawn.

Since there is not the requisite diversity of citizenship the cases should be remanded to the state court from which removed and it will be so ordered.