**NIXON v. SAFEWAY STORES, Inc., et al.**

No. 4950.

District Court. W. D. Missouri, W. D.

March 22, 1948.

Myer Rich and O. Hampton Stevens, both of Kansas City, Mo., for plaintiff.

Hogsett, Trippe, Depping & Houts and Lewis W. Sanders, associate, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The corporate defendant, Safeway Stores, Inc., a corporation, has removed the above cause to this court from a state court upon the ground that there was a fraudulent joinder of the local defendant, Charles E. Harreld. The plaintiff has filed a motion to remand. The petition for removal charges substantially that the local defendant was joined fraudulently for the sole purpose of depriving the corporate defendant of its right as a non-resident to remove the case to this court. The petition for removal not only characterizes the joinder as fraudulent but specifically denies the averments with respect to the local defendant.

An examination of the complaint shows the statement of a joint cause of action.

In the case of Polito v. Molasky, 8 Cir., 123 F.2d 258, loc. cit. 260, the Court of Appeals, this Circuit, set out what a petition for removal in cases of alleged fraudulent joinder should contain. It condemned a petition for removal, such as this, in the following language:

" 'Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet "fraudulent" to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith.' "

In support of this statement the court cited and even quoted from the familiar case of Chesapeake & O. R. Co. v. Cockrell 232 U. S. 146, 34 S.Ct. 278, 58 L.Ed. 544. Many other cases from this circuit and also of the Supreme Court were also cited in support of the proposition.

The averments in the petition for removal in the instant case fall squarely within the condemnation of the cases cited. It follows that the court is without jurisdiction and the case should be remanded to the state court from which removed.