**PNEFF v. BONEFF et ux.**

**No. 7497.**

United States District Court
W. D. Missouri, W. D.

April 23, 1952.

Thomas E. Hudson, Kansas City, Mo., for plaintiff.

McCann & Sanders, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

In the above case a nonresident brought a suit in a state court against local residents and citizens. The statute on the subject, being Section 1441 Title 28 U.S.C.A., simply provides that where the district courts would otherwise have had original jurisdiction the case might be removed where there is a diversity of citizenship and the amount in controversy is sufficient. The statute does not specify that only a nonresident defendant may remove but by former acts not now appearing in the books it had contemplated that only nonresidents could remove on the theory of a diversity of citizenship.

In this case the plaintiff might have sued in the national courts and the courts would have had original jurisdiction. However, the defendants, being local citizens, were not entitled to remove. See Lewis on Removal of Causes, Section 101, p. 236, and Chesapeake & Ohio R. R. v. Cockrell, 232 U.S. 146, loc. cit. 172, 34 S.Ct. 278, loc. cit. 280, 58 L.Ed. 544, where the court said:

"A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, is one which may be removed by the defendant, *if not a resident of the state in which the case is brought;* * * *." (Emphasis mine.)

It would follow that this case should be remanded to the state court and all of the parties are in agreement that such an order should be made.

---

**3.** 46 U.S.C.A. § 750.