Lydia JONES Plaintiff

v.

**LIFE INSURANCE COMPANY OF GEORGIA, Thomas Lewis, A, B and/or C, et al. Defendants**

No. CIV.3:01 CV 781WS.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 20, 2004.

Isaac K. Byrd, Jr., Suzanne Griggins Keys, Precious Tyrone Martin, Byrd & Associates, Jackson, MS, for Plaintiff.

J. Stevenson Ray, Mary Jacqueline Watson, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

WINGATE, Chief Judge.

Before this court is the motion of plaintiff, Lydia Jones, asking this court to remand this matter to the Circuit Court of Holmes County, Mississippi. Plaintiff brings this motion under the auspices of Title 28 U.S.C. § 1447(c).[1] Plaintiff contends that this court lacks subject matter jurisdiction under Title 28 U.S.C. § 1331, federal question, and under Title 28 U.S.C. § 1332, diversity of citizenship.[2] The

---

1. Title 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal.

2. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332(a) states in relevant part that "[t]he district courts shall have orig-

plaintiff points out that in her complaint she expressly eschewed a reliance on any claims arising under federal law and, further, relative to diversity of citizenship, she is non-diverse to defendant Thomas Lewis, as both of them are adult citizens of the State of Mississippi. The defendants[3] respond that they properly removed this lawsuit from state court to this federal forum under § 1332, inasmuch as the sole non-diverse defendant named in the plaintiff's complaint, one Thomas Lewis, say defendants, is joined improperly and should be dismissed. Although the plaintiff fails to plead a specific amount in controversy, the defendants contend that the amount in controversy requirement of $75,000.00, exclusive of interest and costs, is met here in light of the complaint's repeated allegations of intentional and fraudulent misconduct, and demand for punitive damages. Thus, conclude defendants, this court has subject matter jurisdiction here under § 1332.

## PERTINENT FACTS

The plaintiff is an adult resident citizen of Holmes County, Mississippi. On or about August 30, 2001, plaintiff filed this action against the defendants Life Insurance Company of Georgia (hereinafter "Life of Georgia") and Thomas Lewis (hereinafter "Thomas"). Life of Georgia is a citizen of the State of Georgia, a corporation duly incorporated and organized under the laws of the State of Georgia, with its principal place of business in Georgia. At the time of the alleged events, the defendant Lewis Thomas was an adult resident citizen of Mississippi and an agent for Life of Georgia.

The plaintiff contends that she was a medicaid benefits recipient when she purchased several health insurance policies from an agent for Life of Georgia in 1968, 1975 and in 1981. The plaintiff says she understood that these policies provided hospitalization benefits. According to the plaintiff, Life of Georgia's agents represented to her that she was purchasing policies that would pay her a specific amount of money for certain surgical procedures or pay a predetermined amount of money for each day of hospitalization. Plaintiff says she was not provided material facts about the policies, particularly the requirement that any insurance benefits made on behalf of medicaid recipients be automatically assigned to the Division of Medicaid.[4]

Plaintiff charges that Life of Georgia and its agents persuaded her to purchase duplicate coverages, knowing that under

inal jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States...."

3. Plaintiff has also named as defendants A, B and/or C, et al. This court may ignore fictitious defendants in determining whether the court has subject matter jurisdiction. Under Title 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded."

4. The Division of Medicaid is a cooperative program of the state and federal governments that provides medical assistance for the poor. *See* Title XIX of the Social Security Act of 1935, Title 42 U.S.C. §§ 1396 *et seq.* Under the Medicaid program, the federal government shares with the states the cost of reimbursing participating agencies, physicians and pharmacies for services rendered to eligible recipients. Title 42 U.S.C. §§ 1396a & 1396d. On the state level, the Mississippi Medicaid law, enacted in 1969, provides for a statewide system of medical assistance, to be administered by the Mississippi Medicaid Commission, now called the Division of Medicaid, Office of the Governor. Miss.Code Ann. §§ 43–13–101 et seq. (2000 & Supp. 2001). The Legislature annually appropriates money for the Mississippi Medicaid program. *Jones v. Howell*, 827 So.2d 691, 693–94 (Miss. 2002).

the terms of the policies Life of Georgia would be liable to pay benefits only under one policies of insurance, and that the benefits would be paid to the Division of Medicaid rather than to the plaintiff herself. Consequently, plaintiff filed the instant lawsuit in state court, alleging damages suffered due to breach of implied covenants of good faith and fair dealing and of contract, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, civil conspiracy and negligence.

The defendants argue that removal to federal court is proper because the plaintiff has no possibility of recovery on her fraud claims against the non-diverse defendant Thomas Lewis. The defendants argue that the plaintiff failed to plead her claims of fraud and misrepresentation against Lewis with sufficient particularity, citing Rule 9(b) of the Federal Rules of Civil Procedure's provision that "all averments of fraud or mistake ... shall be stated with particularity." Mississippi's Rule 9(b) contains the same language. Additionally, say defendants, defendant Lewis under the circumstances alleged by plaintiff had no duty to advise plaintiff in the manner of which she complains. Moreover, say defendants, since plaintiff was a Medicaid recipient at the time and supposedly cognizant of Medicaid regulations, plaintiff cannot show detrimental reliance on any alleged misstatements by defendant Lewis. Alternatively, say defendants, because the sale of one of the policies to the plaintiff by Thomas Lewis took place in 1981, the plaintiff's claims are barred by the applicable Mississippi statute of limitations.

### IMPROPER JOINDER STANDARD

■ In the very recent *en banc* decision of *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir.2004) (NO. 02–60782), the United States Court of Appeals for the Fifth Circuit substituted the terms "fraudulent joinder" and "fraudulent misjoinder" with the term "improper joinder." Other than this change of terminology, the standard for determining improper joinder is the same as before the change, namely that a removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Id.* See also *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999); *Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir.1995); and *Cavallini v. State Farm Mutual Auto Insurance Company*, 44 F.3d 256, 259 (5th Cir.1995). Citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003), the *Smallwood* Court stated that absent actual fraud in the pleadings, the test is still whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, or no reasonable basis for the district court to predict that the plaintiff might be able to recover.

■ Under Title 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). When considering whether a non-diverse defendant has been joined in order to defeat diversity of citizenship jurisdiction, courts

may "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini*, 44 F.3d at 256; *LeJeune v. Shell Oil Company*, 950 F.2d 267, 271 (5th Cir. 1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."). However, as noted by the *Smallwood* Court, the inquiry is not the same as a summary-judgment inquiry on the merits since (1) the court must avoid "pre-trying a case to determine removal jurisdiction," *Hart v. Bayer Corporation*, 199 F.3d 239, 246–47 (5th Cir.2000) and (2) "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Id.* at 246. This is particularly so where the basis for asserting improper joinder is equally applicable to the non-diverse defendants and the diverse defendants.

### THE COMMON DEFENSE THEORY

■ Before this court can address the many aspects of the defendants' defenses relating to the assertions of fraud in the complaint, this court first must address the defendants' statute of limitations defense. The defendants raise this defense to any claims against the non-diverse defendant Thomas Lewis. This defense, however, affects both Life of Georgia, the non-resident insurance company, and the Mississippi-resident agent Thomas Lewis. The statute of limitations defense is a "common claim or defense," a topic which was addressed in the Fifth Circuit Court of Appeals' decision in *Smallwood v. Illinois Central R.R. Co.*, 342 F.3d 400, 405 (5th Cir.2003).[5] Quoting with approval the Third Circuit's holding in the case of *Boyer v. Snap–On Tools Corporation*, 913 F.2d 108, 113 (3d Cir.1990), the Fifth Circuit stated that, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." The decisions in *Smallwood* and *Boyer* rest upon the United States Supreme Court's decision in *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914).

■ Recently, in the *en banc* decision of *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir.2004) (NO. 02–60782), the Fifth Circuit upheld its previous conclusion reached in *Smallwood v. Illinois Central R. Co.*, 342 F.3d 400 (5th Cir.2003), that there is no improper joinder of an in-state defendant with a diverse defendant where the showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies equally to dispose of the plaintiff's claims against all the defendants

**5.** Rehearing *en banc* granted, opinion vacated by *Smallwood v. Illinois Cent. R. Co.*, 355 F.3d 357 (5th Cir.2003); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (NO. 02–60782), *en banc* decision holding that where removing party's showing that there is no reasonable basis for recovery against an in-state defendant compels the same result for the non-resident defendant, there is no improper joinder; there is only a lawsuit lacking merit, and the motion to remand must be granted. Judgment of district court denying remand reversed and remanded with direction to remand case to state court.

(common claim or defense). The Fifth Circuit stated as follows:

...[O]ur holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants.

The doctrine of improper joinder implements our duty to not allow manipulation of our jurisdiction. We are not persuaded that we can or should—as we are now urged to do—hold that *Strawbridge v. Curtiss* does not apply to suits wholly lacking "merit," at least as seen by a federal court. That is not a rule of joinder, but a recrafting of *Strawbridge*. Until Congress changes our jurisdiction and allows us to hear cases based on something less than complete diversity, we cannot act. And make no mistake, whether to confer diversity jurisdiction in the absence of complete diversity is a quintessential political decision belonging to Congress, as congressional efforts to respond to abuses in state court class action litigation by allowing their removal on minimal diversity have so recently reminded us.

It is no accident that the first Congress conferred removal jurisdiction, accommodating competing political interests. Removal remains a centerpiece of our federalism. The cry of out-of-state interests seeking to escape local courts and local plaintiffs seeking to avoid more distant justice is in fact an old and recurring song. It is a living dynamic, not an historic relic. To the point, our insistence that diversity removal, powerful as it is, remain within its congressionally marked traces is demanded by principles of comity and federalism—that a state court is to be trusted to handle the suit unless the suit satisfies the removal requirements.

It is argued that our holding undermines judicial economy by forcing a federal district court to remand a meritless case to state court rather than dismiss it outright. This argument, however, misconstrues the inquiry on removal. When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 576–77, 2004 WL 2047314 *5–6 (5th Cir.2004) (NO. 02–60782).

In the instant case, the defendants contend that the plaintiff's claim are barred by the appropriate Mississippi statute of limitations, noting that the plaintiff's complaint does not accuse the defendants of fraudulent concealment. This is a defense that is equally dispositive of the plaintiff's claims against both Life of Georgia and Thomas Lewis.

### *ELEMENTS OF FRAUD*

In addition to the statute of limitations defense, the defendants contend that plaintiff has failed to plead her claims of fraud and misrepresentation with sufficient particularity, that she cannot prove detrimental reliance and that she cannot show that defendant Lewis had a duty to provide her correct information relative to the insurance company's obligation to submit Insurance benefit payments to the Division of Medicaid. None of these arguments persuades this court to dismiss defendant Lewis from this action. Plaintiff may simply amend her complaint to plead her claims more

specifically. The elements of a cause of action for fraud under Mississippi law are: a representation; its falsity; its materiality; the speaker's knowledge of its falsity or ignorance of its truth; the speaker's intent that it should be acted upon by the person and in the manner reasonably contemplated; the hearer's ignorance of its falsity and reliance on its truth; the right of the hearer to rely on the statement; and consequential and proximate injuries. *Boling v. A–1 Detective & Patrol Service, Inc.,* 659 So.2d 586, 590 (Miss.1995). And as to defendants' other two challenges, these are disputed issues of material fact to be resolved by the factfinder.

Therefore, finding that defendants have failed to carry their burden that plaintiff Lydia Jones fraudulently joined defendant Thomas Lewis in this action, this court hereby grants plaintiff's motion to remand this case to the Circuit Court of Holmes County, Mississippi.