**Bertha WAGES and Denver Wages, Plaintiffs**

v.

**JOHNSON REGIONAL MEDICAL CENTER; American Medical Systems, Inc.; and John Does 1–20, Defendants.**

Case No. 2:12–CV–02258.

United States District Court, W.D. Arkansas, Fort Smith Division.

Jan. 9, 2013.

Clayton A. Clark, Scott Anthony Love, W. Michael Moreland, Clark, Love, & Houston, Houston, TX, Doralee Idleman Chandler, Gail O. Matthews, Matthews, Sanders & Sayes, Little Rock, AR, for Plaintiffs.

David A. Littleton, Anderson, Murphy & Hopkins, L.L.P., Little Rock, AR, for Defendant, Johnson Regional Medical Center.

Lyn Peeples Pruitt, Adria Conklin, Mitchell Williams Selig Gates Woodyard P.L.L.C., Little Rock, AR, for Defendant, American Medical Systems, Inc.

## MEMORANDUM OPINION AND ORDER

P.K. HOLMES, III, Chief Judge.

Before the Court are Plaintiffs' Motion to Remand (Doc. 12) and brief in support; Defendant American Medical Systems, Inc.'s ("AMS") Response in Opposition

(Doc. 18); and Defendant Johnson Regional Medical Center's ("JRMC") Response in Opposition (Doc. 19). For the reasons discussed herein, Plaintiff's Motion to Remand (Doc. 12) is DENIED.

According to the Complaint (Doc. 4), Plaintiff Bertha Wages was implanted with a medical device called the "Perigee" while she was a patient at JRMC. Mrs. Wages alleges that the Perigee device was defective and caused her to suffer present and future bodily injury, pain, and discomfort. On September 11, 2012, Plaintiffs filed suit in Johnson County Circuit Court against Defendants AMS and JRMC, asserting claims for negligence, gross negligence, strict products liability, marketing defects, and design defects related to the Perigee device.

On October 29, 2012, AMS removed the case to this Court, maintaining that JRMC, a citizen of Arkansas, had been fraudulently joined in the state court action by Plaintiffs in order to defeat federal diversity jurisdiction. Plaintiffs then filed the instant Motion to Remand (Doc. 12) on November 13, 2012, denying that JRMC was fraudulently joined and asserting that JRMC is a proper party to this action.

On December 7, 2012, AMS filed a Response in Opposition to Plaintiffs' Motion to Remand, which JRMC joined, arguing that according to Arkansas products liability law, a hospital facility such as JRMC cannot be held liable as a supplier of an allegedly defective medical device. Further, AMS urges the Court to find that all claims against JRMC would be governed by the Arkansas Medical Malpractice Act, Ark.Code Ann. § 16–114–201, et seq., which has a two-year statute of limitations period. In light of this limitations period, AMS contends that Plaintiffs' claims against non-diverse Defendant JRMC are time-barred pursuant to Arkansas law. (Doc. 18, p. 4). Plaintiffs did not request leave to file a reply to AMS's Response even though Plaintiffs' Motion to Remand failed to address the applicability of the Medical Malpractice Act—and its two-year statute of limitations period—to claims made against JRMC. See Doc. 13, pp. 3–5.

In order to determine whether the Court should retain jurisdiction of this case or remand it to state court, the first issue to address is whether JRMC was fraudulently joined in the state court action. The parties agree that JRMC and Plaintiffs are citizens of Arkansas, while AMS is a citizen of both Delaware, its place of incorporation, and Minnesota, its principal place of business. 28 U.S.C. § 1332(c)(1); Docs. 4, 5, and 15. As Plaintiffs and JRMC are both citizens of the same state, JRMC's presence in the litigation defeats federal diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

■■■ "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.' " Knudson v. Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir.2011) (quoting Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914)). Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir.2003). To prove fraudulent joinder, the removing defendant must show that there is no " 'reasonable basis for predicting that the state law might impose liability based upon the facts involved.' " Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir.2010) (quoting Filla, 336 F.3d at 811). "[A] statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry." Brown v. Jevic, 575 F.3d 322, 327 (3d Cir.2009); see also LeBlang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 692 (7th Cir.1998); Hunter v.

*Philip Morris USA,* 582 F.3d 1039, 1045 (9th Cir.2009).

■ After due consideration, the Court finds that there is no reasonable basis for predicting that Arkansas law might impose liability on JRMC, since the Arkansas Medical Malpractice Act applies to all of Plaintiffs' claims against JRMC, and the time for asserting these claims has already passed pursuant to the Act's two-year statute of limitations.[1] In analyzing the Complaint, it is clear that the claims made against JRMC are based on "actions for medical injury" as defined by the Medical Malpractice Act. Ark.Code Ann. § 16–114–201(1). Specifically, "medical injury" includes "adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider," including "negligence, error, or omission in the performance of such services." Ark.Code Ann. § 16–114–201(3). Plaintiff alleges that JRMC, a hospital and medical care provider, should be held liable for both negligence and strict liability in distributing and/or supplying the Perigee medical device that was surgically implanted in Mrs. Wages. Further, Plaintiffs assert that JRMC "should be held accountable for its concomitant failures to investigate the potential dangers posed by the [Perigee] mesh product and failed [sic] to warn and otherwise give prudent instruction to convey a fair indication of the nature and extent of the dangers involved in the [Perigee] mesh product." (Doc. 4, p. 4).

■ The Arkansas Supreme Court interpreting the Medical Malpractice Act has concluded that the Act encompasses all causes of action arising from an injured plaintiff suing a hospital or other health care facility for supplying an allegedly defective medical device during surgery. In *Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998), a factually similar case to the one at bar, several hospital patients were allegedly injured through the implantation of a defective medical device during surgery. In considering the liability of the hospitals involved, the *Adams* court held as follows:

> In the present cases, where the appellants attempt to hold the hospitals liable for adverse consequences arising from an allegedly defective product supplied in the course of rendering a surgical procedure, the appellants' alleged injuries fall within the definition of medical injury, and the appellants' cause of action based on strict or product liability is an action for medical injury as that term is used in the Medical Malpractice Act.

*Id.* at 615.

■ Subsequent to the *Adams* ruling, the court clarified in *Paulino v. QHG of Springdale, Inc.,* 2012 Ark. 55, at 9–10, 386 S.W.3d 462 (2012), that a "medical injury" pursuant to the Act is defined as "the result of (1) a professional service, (2) a doctor's treatment or order, or (3) a matter of medical science." Applying that definition to the instant dispute, it is evident that the allegations of wrongdoing made by Plaintiffs against JRMC flow entirely from the "medical injury" sustained by Mrs. Wages during the implantation of the Perigee device as "the result of" "a professional service" delivered by JRMC through its medical staff, pursuant to "a

---

1. Claims against Defendant AMS are distinct from claims against JRMC. AMS appears to be the manufacturer and supplier of the Perigee device, not the provider of "professional services … rendered by a medical care provider." Ark.Code Ann. § 16–114–201(3). The Arkansas Medical Malpractice Act does not cover claims for defective manufacturing and distribution of a medical product. Accordingly, the claims against AMS are not encompassed by the Act, and the analysis set forth herein does not pertain to AMS.

doctor's treatment or order." *Id.* Therefore, all acts or omissions asserted in this case against JRMC are governed by the Medical Malpractice Act.

■■■■ The Arkansas Products Liability Act, Ark.Code Ann. § 16–116–102, with its three-year statute of limitations, does not trump the Medical Malpractice Act in this case, notwithstanding Plaintiffs' arguments.[2] The *Adams* court specifically examined whether the statute of limitations of the Medical Malpractice Act or the Products Liability Act would govern products liability-based claims brought by injured former patients against several hospitals, and the court concluded that the "all-inclusive language used by the General Assembly in defining an action for medical injury to encompass those actions 'whether based in tort, contract, or otherwise,'" indicates "that the Medical Malpractice Act's two-year statute of limitations governs ... product-liability claims brought against [ ] hospitals." *Adams,* 969 S.W.2d at 616 (quoting Ark.Code Ann § 16–114–201(1)). It follows that a hospital such as JRMC cannot be considered a product's "supplier"[3] under the Products Liability Act simply because the hospital utilizes the product during a medical procedure.

Accordingly, as the Court finds that Plaintiffs' claims against JRMC fall within the ambit of the Arkansas Medical Malpractice Act, the Act's two-year statute of limitations governs all claims against this Defendant. Considering that the wrongful act complained of by Plaintiffs took place on December 27, 2005, and a lawsuit was not filed until September 11, 2012, Plaintiffs' claims against JRMC have no reasonable basis for success due to the running of the statute of limitations period. Therefore, the Court finds that JRMC was fraudulently joined in this action and is hereby dismissed with prejudice.

Without the presence of JRMC as a party to this lawsuit, the Court properly retains federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs' Motion to Remand for lack of diversity (Doc. 12) is DENIED.[4]

---

**2.** In general, the "discovery rule" would apply when calculating the statute of limitations period on a products liability action. *Uhiren v. Bristol–Myers Squibb Co., Inc.,* 346 F.3d 824, 827–28 (8th Cir.2003). The three-year statute of limitations period described in the Arkansas Products Liability Act, Ark.Code Ann. § 16–116–103, begins to run when a plaintiff first becomes aware of her condition, "including both the fact of injury and the probable causal connection between the injury and the product's use." *Uhiren,* 346 F.3d at 828 (internal citation omitted). However, the discovery rule does not apply to claims brought under the Medical Malpractice Act, which provides that "[t]he date of the accrual of the cause of action *shall be the date of the wrongful act complained of and no other time.*" Ark.Code Ann. § 16–114–203(b) (emphasis added); *see also Kohl v. Am. Home Products Corp.,* 78 F.Supp.2d 885, 897 (W.D.Ark.1999) (rejecting argument that limitations period under the Medical Malpractice Act begins to run only when the nature of the

injury is revealed). In the instant Complaint, the "wrongful act complained of" is the implantation of the Perigee device in Mrs. Wages, which occurred during surgery on the only date mentioned in the Complaint, December 27, 2005. (Doc. 4, p. 2).

**3.** Plaintiffs' brief in support of their Motion to Remand cites to Arkansas' strict liability statute, Ark.Code Ann. § 4–86–102, rather than the Products Liability Act, Ark Code Ann § 16–116–102, in arguing that JRMC is a "supplier" of goods. (Doc. 13, p. 4). The definition of "supplier" is similar in both statutes. Pursuant to the strict liability statute, a "supplier" is an entity that is "engaged in ... selling ... or otherwise distributing the product." Ark.Code Ann. § 4–86–102(a)(1). Likewise, a "supplier" pursuant to the Arkansas Products Liability Act is "any individual or entity engaged in the business of selling a product ..." Ark.Code Ann. § 16–116–102(6)(A). Any difference in the two defini-

tions is immaterial to the Court's analysis of the issues in this case.