United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60782

KELLI SMALLWOOD,

          Plaintiff-Appellant,

   versus

ILLINOIS CENTRAL RAILROAD COMPANY;
MISSISSIPPI DEPARTMENT OF TRANSPORTATION,

          Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

ON PETITION FOR REHEARING

Before KING, Chief Judge, HIGGINBOTHAM and STEWART, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellees Illinois Central and Mississippi Department of Transportation have moved for rehearing following our decision ordering remand of this case to state court.[1] Appellees contend that our decision conflated the removal rules applicable to federal question jurisdiction with those governing diversity removal.

---

[1] *See Smallwood v. Ill. Cent. R.R. Co.*, 342 F.3d 400 (5th Cir. 2003).

Treating appellees' petitions for en banc rehearing as petitions for panel rehearing, the petitions for panel rehearing are denied.

In this case, we rejected Illinois Central's attempts to remove to federal court based on a preemption defense that barred suit against all defendants. In so doing, we insisted that the joinder of the local defendant be shown to be improper. We applied the common defense rule first enunciated by the Supreme Court in *Chesapeake & O. R. Co. v. Cockrell*.[2] In *Cockrell*, the Supreme Court reviewed an effort by a diverse railroad to remove a case to federal court on fraudulent joinder grounds. To justify the finding of fraudulent joinder, the railway claimed that the plaintiff's negligence charges against the defendants were "each and all 'false and untrue'" and that the local defendants were added simply to defeat diversity.[3] The Supreme Court rejected the railway's argument, noting:

> So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: *the showing must be such as compels the conclusion that*

[2]232 U.S. 146 (1914).

[3]*Id.* at 151.

2

> *the joinder is without right and made in bad faith . . . .*
>
> . . . And while the plaintiff's statement was not conclusive upon the railway company, it did operate to lay upon the latter, as a condition to a removal, the duty of showing that the joinder of the engineer and fireman was merely a fraudulent device to prevent a removal. Of course, it was not such unless it was without any reasonable basis.
>
> Putting out of view, as must be done, the epithets and mere legal conclusions in the petition for removal, it may have disclosed an absence of good faith on the part of the plaintiff in bringing the action at all, but it did not show a fraudulent joinder of the engineer and fireman. . . . As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not to the joinder; *that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants.* Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them.[4]

The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the local parties was fraudulent; a showing that the plaintiff's case is barred as to all defendants is not sufficient. When the only proffered justification for fraudulent joinder is that there is no reasonable basis for predicting recovery against the local defendant and that showing is

---

[4]*Id.* at 152-53 (emphasis added) (internal citations omitted).

a fortiori applicable to all defendants, rather than to the local defendants alone, the requisite showing has not been made.

The common defense rule reminds us that the proper focus of a fraudulent joinder claim is whether the joinder of the local parties was fraudulent, a simple concept that is too easily obscured. The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity. As such, "the burden of demonstrating fraudulent joinder is a heavy one."[5] To establish fraudulent joinder, the party seeking removal to the federal forum must either show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[6] Under this second prong, we examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'"[7] If not, then we conclude that the plaintiff's decision to join the local defendant was fraudulent unless that showing a fortiori compels dismissal of all defendants.[8] Stated another way, when on a motion to remand a

---

[5]*See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[6]*Smallwood*, 342 F.3d at 402 (*citing Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

[7]*Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993) (quoting *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968)).

[8]In conducting this analysis, a district court may "pierce the pleadings" and consider evidence outside of the pleadings. *Travis*

4

defendant's showing that there is no possibility of recovery against the local defendant equally discharges the non-resident defendant, there is no fraudulent joinder, only a lawsuit lacking in merit. In such cases, it makes little sense to single out the local defendants as "sham" defendants and call their joinder fraudulent. In such circumstances, the allegation of fraudulent joinder is more properly an attack on the plaintiff's case as such – an allegation that "the plaintiff's case [is] ill founded as to all the defendants."[9]

Despite Appellees' contention to the contrary, the common defense rule does not impair a foreign defendant's right to remove. In every case where a diverse defendant proves that the plaintiff's decision to join a local party is fraudulent, the diverse defendant gains access to the federal courts. If the foreign defendant fails to prove the joinder fraudulent, then diversity is incomplete and the diverse defendant is not entitled to remove.

---

*v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). Nonetheless, the fraudulent joinder inquiry is a summary inquiry conducted in order to determine whether the court has jurisdiction over the matter. A court may thus not use fraudulent joinder as an excuse to pre-try the merits of the case. *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331-32(5th Cir. 1980).

[9]*Cockrell*, 232 U.S. at 153.

Appellees have raised three general arguments in support of rehearing. Their primary contention is that we have misread *Cockrell*, which in their view stands only for the proposition that a court may not prematurely try the factual merits of a case in a fraudulent joinder inquiry. We disagree. In *Cockrell*, the Supreme Court rejected a defendant's effort to prove that a non-diverse defendant was fraudulently joined when the only grounds proffered applied equally to all defendants. Nothing in *Cockrell* limits the application of this rule to factual defenses or to defenses exogenous to the plaintiff's cause of action. Appellees in this case brought no evidence that the joinder of the non-diverse defendant was fraudulent, only an allegation that the case, as to all defendants, was ill-founded. Such a showing cannot support an inference that the joinder of the local defendants was fraudulent.[10]

---

[10]Appellee Illinois Central also argues that *Cockrell*'s common defense holding must be understood in light of the then-extant separable controversies doctrine, a removal principle that allowed a diverse defendant to remove separable portions of an otherwise non-removable suit unless the defendants were jointly liable. Illinois Central claims that *Cockrell*'s common defense theory did not survive amendments to the removal statutes that eliminated separable controversies as a basis for removal. We disagree. Illinois Central errs by conflating the separable controversies doctrine with the separate and distinct fraudulent joinder inquiry. *See Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176 (1907). The *Cockrell* Court did not rest its decision to remand on the asserted joint liability of the defendants, as it would have if the separable controversies doctrine was the focus of its opinion. Indeed, the Court neither mentioned nor discussed the separable controversies doctrine or its joint liability exception. Rather, the Court directly addressed whether the diverse defendant's showing demonstrated fraudulent joinder, and the Court clearly held that the defendant's showing – a defense common to all defendants

6

Appellees further contend that our decision to apply the common defense rule contradicts prior holdings of this circuit which have allowed a finding of fraudulent joinder based on a common defense. This circuit, however, has never before addressed the common defense rule. The mere fact that prior cases failed to discuss the issue does not grant us license to continue to ignore Supreme Court precedent. Since *Cockrell* is applicable to this case, we cannot fail to apply the common defense rule simply because it has not been urged in the past.

Appellees' final contention is that our decision somehow confuses the application of federal question and diversity removal, pointing to the reference in our opinion to the well-pleaded complaint rule. This misconstrues our statements. In the opinion, we noted that Appellees could not remove on the basis of federal question jurisdiction because the only federal question appeared as a defense. Nonetheless, Appellees did just that: they removed on the basis of their federal conflict preemption defense, but attempted to portray it as an issue of fraudulent joinder. This use of fraudulent joinder would only undermine the well-pleaded complaint rule. We emphasize, however, that the common defense rule is not limited to cases that seek to avoid the well-pleaded complaint rule.

---

– did not "compel[] the conclusion that the joinder [wa]s without right and made in bad faith." *Cockrell*, 232 U.S. at 152.

7

Amici have also raised policy-based arguments which, they assert, justify reconsideration of our decision. They contend, first, that the common defense rule undermines the purpose of diversity jurisdiction, which is to protect out-of-state defendants from local bias, the proverbial "home cooking." We disagree. As a preliminary matter, we noted in our opinion that the common defense rule applies only in that limited range of cases where the allegation of fraudulent joinder rests only on a showing that there is no possibility of recovery against the local defendant and that showing is a fortiori common to all defendants. But more significantly, Amici misstate the effect of our insisting that wrongful joinder be shown. We only require that the removing defendant show that the joinder was fraudulent. The common defense rule thus does not in any way upset the purpose of diversity jurisdiction: it reinforces the bedrock principle that a defendant is not entitled to a federal forum unless there is complete diversity of citizenship, something that a defendant crying fraudulent joinder must prove in order to justify disregarding the absence of complete diversity.

Amici's immediate concern is understandably not to protect the abstract rationale underlying diversity jurisdiction. Rather, it is to allow defendants to flee the state courts. Amici argue that on remand, a state court reviewing a case like this one might somehow "improperly breathe life" into claims that are barred by federal law or some other legal defense. Given this "state court

legal climate," Amici urge us to be vigilant in protecting a diverse defendant's removal right. The argument is that the state court cannot be trusted to recognize the absence of merit in this genre of wholly-meritless cases. We remind that diversity jurisdiction is itself a response to such distrust, and the doctrine of fraudulent joinder is a judicially-created exception to the complete diversity rule. We are not persuaded that we can or should further expand this exception, as we are now urged to do – to hold that *Strawbridge v. Curtis*[11] does not apply to suits wholly lacking merit. That is not a rule of joinder, but a recrafting of *Strawbridge*. Until Congress changes our jurisdiction and allows us to hear cases based on something less than complete diversity, we cannot act. And make no mistake, whether to confer diversity jurisdiction in the absence of complete diversity is a quintessential political decision belonging to the Congress, as recent congressional efforts to respond to abuses in state court class action litigation by allowing their removal on minimal diversity has so recently reminded us.

It is no accident that the first Congress conferred removal jurisdiction, accommodating competing political interests. Removal remains a centerpiece of our federalism. The cry of out-of-state interests seeking to escape local courts is in fact an old and recurring song. To the point, our insistence that diversity

---

[11]*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267 (1806).

9

removal, powerful as it is, remain within its congressionally marked traces is demanded by principles of federalism – that a state court is to be trusted to handle the suit unless the suit satisfies the removal requirements.

Amici's final claim is that the common defense rule undermines judicial economy by forcing a federal district court to remand a meritless case to state court rather than dismiss it outright. This argument, however, fundamentally misconstrues the inquiry on removal. When a defendant removes a case to federal court on a claim of fraudulent joinder, the district court's only inquiry is whether the joinder was fraudulent. Indeed, until the removing party proves that the local defendant has been fraudulently joined, the court does not have the authority to do more; there is no jurisdiction to evaluate the merits of the suit or dismiss the case. Viewed properly, then, it is not the remand to state court that wastes judicial resources; it is the misguided effort by the diverse party to gain access to the federal forum.

Appellees understandably seek broader license to escape from state court, but we are not authorized to grant such a request, as compelling as it may be. It is the province of Congress to modify the complete diversity rule by allowing properly joined local defendants to be disregarded.

The petitions for panel rehearing are DENIED.