United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-60259

PHYLLIS BODY MCKEE

Plaintiff-Appellant,

VERSUS

KANSAS CITY SOUTHERN RAILWAY CO.; ET AL,

Defendants,

KANSAS CITY SOUTHERN RAILWAY CO.; ERIC W. ROBINSON; ROBERT E.
EVERETT; C. L. DUETT

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

Before DeMOSS, DENNIS, and PRADO Circuit Judges.

DeMOSS, Circuit Judge:

Plaintiff/Appellant sued diverse and non-diverse Defendants/Appellees in Mississippi state court. Defendants removed the case to federal district court based on purported diversity jurisdiction. Plaintiff made a motion to remand the case to state court, claiming there was not complete diversity and therefore the federal district court lacked subject matter jurisdiction. Defendants responded with purported evidence of

fraudulent joinder. The district found there was fraudulent joinder, determining that Plaintiff's claims against the non-diverse Defendants were not viable and therefore the court denied the motion to remand and dismissed the non-diverse Defendants, and only the diverse Defendant remained in the case. Discovery was conducted, and after the diverse Defendant's summary judgment motion, only a few of Plaintiff's claims against the diverse Defendant survived and the case proceeded to a jury trial in the federal district court. The jury found that Defendant was not at fault and denied all relief requested by Plaintiff. Plaintiff now appeals, claiming the district court erred in not remanding the case and in its supplemental instruction to the jury. We agree and reverse the decision of the district court in refusing to remand the case, vacate the jury verdict and final judgment, and remand the case to the district court with instructions to remand the case to the state court due to lack of subject matter jurisdiction.

### BACKGROUND

The Plaintiff-Appellant, Phyllis Body McKee ("McKee"), filed this action against Defendants-Appellees Kansas City Southern Railway Company ("KCS"), Eric W. Robinson ("Robinson"), Robert E. Everett ("Everett"), C.L. Duett ("Duett"), the City of Forest, Mississippi ("City of Forest"), and the Mississippi Department of Transportation ("MDOT") in the Circuit Court of Scott County, Mississippi. In her Complaint, McKee asserted claims of negligence arising out of a railroad grade crossing accident which occurred on

2

July 10, 1998, at the Cedar Street railroad crossing in Forest, Mississippi. This appeal only concerns issues relating to Defendants KCS, Robinson, Everett, and Duett. Another panel of this Court addressed the issues relating to Defendants City of Forest and MDOT.

McKee was a passenger in a van driven by Lucy R. Shepard ("Shepard"), now deceased. As Shepard drove her vehicle north across the Cedar Street crossing, her vehicle was struck by a westbound freight train owned by Defendant KCS. Defendants Robinson and Duett were the engineers of the KCS train that struck Shepard's vehicle. Defendant Everett was the conductor of the KCS train.[1]

McKee is a resident of Scott County, Mississippi. KCS is a foreign corporation organized and existing under the laws of the State of Missouri, with its home office and principal place of business located in Kansas City. Robinson is a resident of Lauderdale County, Mississippi. Everett is a resident of Toomsuba, Mississippi. Duett is a resident of Little Rock, Mississippi. MDOT is a governmental entity of the State of Mississippi. City of Forest is a municipal corporation and code charter organized under the laws of the state of Mississippi.

KCS, Robinson, Everett, Duett, and MDOT filed a Notice of Removal on June 8, 1999. City of Forest filed a Joinder of

_____

[1] Robinson, Everett, and Duett will sometimes be referred to as the train crew.

3

Removal, dated June 10, 1999.  In both the Notice of Removal and Joinder of Removal, Defendants claimed that the federal district court for the Southern District of Mississippi, Jackson Division, had subject matter jurisdiction over McKee's lawsuit, because McKee could not state a viable claim against any of the non-diverse defendants (Robinson, Everett, Duett, MDOT, and the City of Forest).

McKee responded to Defendants' Notice and Joinder of Removal with a Motion to Remand based upon two contentions.  The first contention, that Defendants' removal of the case was untimely, is irrelevant for purposes of this appeal and has already been addressed and rejected by a prior panel of this Circuit in an unpublished per curiam opinion.  McKee v. Kan. City S. Ry., 281 F.3d 1279 (5th Cir. 2001) (Table).  McKee's second contention was that she could state a viable claim against the non-diverse Defendants, this contention is relevant for this appeal as it relates to McKee's claims against the train crew.

In Count I of her Complaint, McKee alleged that Defendants Robinson, Everett, and Duett were "careless, reckless, and negligent" in the following respects: 1) Defendants operated the train at an excessive rate of speed; 2) Defendants failed to keep a reasonable and proper lookout for approaching motorists at the crossing; 3) Defendants failed to have the train under reasonable and proper control; and 4) Defendants failed to blow the train's whistle or horn, or ring the bell within 300 yards of the crossing,

4

and failed to blow the train's horn continuously in order to warn Shepard and McKee of the train's crossing.

In response to McKee's Motion to Remand, KCS submitted evidence purporting to negate the viability of each of the allegations in McKee's Complaint. KCS submitted evidence that the train was operated within the federally determined speed limit, that according to the train crew they maintained a proper lookout, did everything required by law to avoid the collision, and properly sounded the horn. McKee did not respond to KCS's evidence with any evidence to support her allegations but only argued that Defendants did not carry their burden of proving fraudulent joinder because her claims against the train crew were properly alleged and dependent on factual determinations to be made by a jury.

The district court disagreed with McKee and found that all of McKee's causes of action against the non-diverse Defendants were either not viable or preempted. Therefore, the district court found that the non-diverse Defendants were fraudulently joined and denied the Motion to Remand and subsequently dismissed the non-diverse Defendants.

On April 7, 2000, McKee filed a Motion to Correct Filings, Amend, for Reconsideration, and for Relief From, and Supplemental Motion to Remand (hereinafter called "Motion to Reconsider"). In support of her Motion to Reconsider, McKee submitted her own affidavit claiming that she did not hear the train's horn immediately prior to the train's collision with Shepard's van.

After considering McKee's Motion to Reconsider, the district court denied the motion.

On March 29, 2001, McKee moved the district court to certify for interlocutory appeal to this Court the issue of remand pursuant to 28 U.S.C. § 1292(b). On May 14, 2001, MDOT and the City of Forest moved the district court to enter final judgment on their behalf pursuant to Federal Rule of Civil Procedure 54(b). On May 31, 2001, the district court granted MDOT's and the City of Forest's Motion for Entry of Rule 54(b) Judgment. Before the district court could rule on McKee's Motion to Certify the issue of remand for interlocutory appeal as to Defendants Robinson, Everett, and Duett, McKee filed her Notice of Appeal to this Court on June 5, 2001.

On McKee's first appeal, a panel of this Court upheld the district court's rulings and dismissal of the City of Forest and MDOT. Because McKee had failed to obtain a Rule 54(b) certification or a 28 U.S.C. § 1292(b) certification from the district court with respect to Defendants Robinson, Everett, and Duett, the panel held that it did not have jurisdiction to hear the appeal of the dismissal of these defendants.

Following the decision on McKee's first appeal and after discovery, KCS filed a Motion for Summary Judgment addressing McKee's remaining claims against KCS. McKee responded to KCS's motion, claiming jury issues existed as to several of her claims. After considering the evidence and arguments, the district court

6

entered an Order addressing KCS's motion and dismissing several of McKee's claims. The district court did not dismiss all of McKee's claims but rather found that she had put forth enough evidence to indicate there were genuine issues of material fact as to the following claims: 1) McKee's claim against KCS for failing to keep a reasonable and proper lookout for motorists approaching the Cedar Street crossing (this claim included McKee's claim for failure to maintain control); 2) McKee's claim against KCS for failing to sound the train's horn; 3) McKee's claim against KCS for failing to keep vegetation clear in the right-of-way near the crossing.

A trial was held February 10 to February 14, 2003. After hearing all of the evidence, the district court instructed the jury, the parties made their closing arguments, and the jury deliberated. During deliberations, the jury sent a note to the court inquiring as to an issue concerning the train's horn. After receiving the note and hearing and considering the parties' arguments concerning the court's proposed response to the jury's inquiry, the court instructed the jury that they were to rely on their memory of the testimony presented at trial in answering their inquiry. McKee's counsel initially agreed with the district court's proposed instruction but later objected and contended that the jury should also be instructed to refer to the exhibits admitted at trial in addressing their question. After deliberating, the jury returned a verdict in favor of KCS.

McKee then filed this appeal claiming two errors. First,

McKee claims the district court erred in failing to remand the case to state court because the federal court lacked subject matter jurisdiction due to the fact that she alleged non-fraudulent claims against non-diverse defendants. Second, McKee claims the district court erred in failing to instruct the jury that they should consider the exhibits when attempting to resolve their inquiry to the judge concerning the train's horn.

## DISCUSSION

**I. Whether the district court erred in finding that the non-diverse Defendants were fraudulently joined and in denying McKee's motion to remand.**

A determination of federal diversity jurisdiction involves a question of law subject to de novo review. Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000). Diversity jurisdiction requires complete diversity between the parties, however, such diversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant. Id. at 243-46.

"Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). A panel of this Circuit recently stated in Travis that courts have not been clear in describing the standard for evaluating if a party has been fraudulently joined, often making the analysis of whether the district court erred in finding

8

fraudulent joinder more complicated than necessary.  Id.  The Travis panel then outlined the case law of this Circuit concerning the standard for determining if a party has been fraudulently joined and the scope of inquiry into the evidence the district court is allowed to make when resolving the issue.  Id. at 647-49. In the present case, there is no issue of fraud as to the jurisdictional facts so here the question, according to the Travis standard, is whether there is a "possibility that [McKee] has set forth a valid cause of action" against the train crew.  Id. at 648.  Further, the burden is on KCS to establish fraudulent joinder and in order to do this, KCS must "put forward evidence that would negate a possibility of liability on the part" of the train crew.  Id. at 650.

According to Travis, for fraudulent joinder, the district court may "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.  Id. at 649.  Therefore, although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard.  Id. at 648-49.  Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.  Id. at 649.  The burden of persuasion on those who claim fraudulent joinder is a heavy one.  Id.  The

9

district court must also take into account the "status of discovery" and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant.  Id.

In Travis, a case with some similarities to the present case, the plaintiff, a mother of a driver who was struck and killed by a train at a railroad crossing, sued the defendants, a railroad company and the train's engineer in Mississippi state court.  Id. at 646.  After some discovery in state court the case was removed to federal court and when the plaintiff filed a motion to have the case remanded to state court, the railroad responded by arguing that the engineer had been fraudulently joined.  Id.  In support of its argument, the railroad submitted the plaintiff's response to the railroad's interrogatories which indicated the plaintiff had not fully developed facts supporting its claims against the engineer.  Id. at 649.  The railroad, however, did not show that Mississippi or federal law precluded recovery from the engineer, but only that the plaintiff had not yet developed her claims against the engineer.  Id.  The Travis court held that the railroad's showing of the lack of development of the plaintiff's case is not the same thing as the railroad showing that the plaintiff could not recover against the engineer and therefore any claims against the engineer were not fraudulent.  Id. at 649-50. According to the court, the plaintiff could possibly develop a claim against the engineer.  Id. at 650.  The court also noted that little discovery had been conducted.  Id.  Therefore, the Travis

10

court held, under the circumstance of that case, that the refusal to remand based on fraudulent joinder was erroneous.  Id. at 651.

Likewise, the Supreme Court case, Chesapeake & Oh. Ry. Co. v. Cockrell, 232 U.S. 146 (1914), is strikingly similar to the present case.[2]  In Cockrell, the plaintiff, the administrator of the intestate's estate, brought an action in state court against the defendants, the railway and the engineer and fireman of one of the railway's trains which struck and fatally injured the intestate at a public crossing.  Id. at 149-50.  The plaintiff, the engineer, and the fireman were all citizens of Kentucky and the railway was a citizen of Virginia.  Id. at 150.  The plaintiff alleged that the defendants were negligent in failing to maintain an adequate lookout, in failing to give any warning of the approaching train, and in continuing to run the train forward after it struck the intestate.  Id.  The defendants petitioned the state court to remove the case to federal court based on diversity jurisdiction, claiming that although the engineer and fireman were employees of

---

[2] We realize that Cockrell was decided in 1914, however, we note that a panel of this Circuit recently relied on the rationale in Cockrell in deciding another fraudulent joinder case.  See Smallwood v. Il. Cent. R.R. Co., 342 F.3d 400 (5th Cir. 2003), pet. for panel reh'g denied, 352 F.3d 220 (5th Cir. 2003), pet. for en banc reh'g granted, -- F.3d --, 2003 WL 22995174, (5th Cir. 2003). The Smallwood case is now set for en banc review, however, the present case presents a different issue than the issue presented in Smallwood.  In fact, in the present case unlike in Smallwood, there is no "common defense" issue because the district court only dismissed the non-diverse defendants and the diverse defendant remained in the case.  Unlike Smallwood, the present case involves a straightforward fraudulent joinder issue.

11

the railway, the claims made by the plaintiff were:

> [F]alse and untrue, and were known by the plaintiff, or could have been known by the exercise of ordinary diligence, to be false and untrue, and were made for the sole and fraudulent purpose of affording a basis, if possible, for the fraudulent joinder of the engineer and fireman with the railway company, and of thereby fraudulently depriving the latter of its right to have the action removed into the Federal court; and that none of the charges of negligence on the part of the engineer or fireman could be sustained on the trial.

Id. at 151 (internal quotation marks omitted).

The state court refused to allow the case to be removed and there was a trial in which the plaintiff prevailed. Id. at 150. The defendants appealed but the removal ruling and judgment were affirmed by the state appellate court. Id. The defendants then appealed to the United States Supreme Court. Id. The Supreme Court, in outlining the law concerning fraudulent joinder stated:

> [W]hen in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet "fraudulent" to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith . . . .

Id. at 152 (citations omitted). According to the Court, the railway's petition for removal went to the merits of the action itself and not the joinder of the non-diverse defendants, the engineer and fireman. Id. Therefore the Supreme Court held that there was no fraudulent joinder and the case was properly before

12

the state court.[3]  Id. at 153-54.

The present case is similar to both Cockrell and Travis.  Like the railway in Cockrell, KCS in its response to McKee's Motion to Remand the case essentially attacked McKee's case in general not the joinder of the train crew.  Also like the railroad in Travis, KCS has not shown that Mississippi or federal law precluded all of McKee's claims against the train crew but rather only that McKee had yet to develop her claims to the extent that, according to KCS, she would be able to prevail against the train crew.  In fact, the district court allowed several identical claims to proceed to trial against KCS, namely the lookout and horn claims.  This apparent logical inconsistency in the district court's refusal to remand the case because it found that McKee had no viable claims against the train crew, and yet later refusing to grant KCS's motion for summary judgment and allowing some similar claims go to trial, illustrates that McKee's joinder of the crew was not "fraudulent."  KCS argues that this inconsistency was created by McKee because

---

[3] The Supreme Court did note, however, that the state court erred by not surrendering jurisdiction when the petition for removal was filed as required by case law at that time and in not allowing the federal court to sort out any factual questions concerning the propriety of federal jurisdiction.  Cockrell, 232 U.S. at 154.  We also note that now the federal statutory scheme requires that defendants who want to remove a case to federal court file notice of removal in the appropriate federal district court and that if the plaintiff wants the case remanded he or she can file a motion with the federal district court.  See 28 U.S.C. §§ 1446(a) and 1447(c).  Therefore, fraudulent joinder issues now arise when the defendants oppose, based on fraudulent joinder, plaintiff's motion to remand.

when the district court was considering McKee's Motion to Remand, KCS's affidavit testimony was the only evidence before the district court and this testimony purportedly negated the possibility that McKee could recover on her claims.[4]  This argument misses the point.  The district court was not to conduct a mini-trial of McKee's claims but rather determine if there was any reason for the train crew to be defendants in the case, or as stated in <u>Travis</u>, to determine if there was a "possibility that [McKee] ha[d] set forth a valid cause of action" against the train crew.  <u>See</u> <u>Travis</u>, 326 F.3d at 648.  As evidenced by the fact that the district court allowed claims which potentially depended on the negligence of the train crew go to trial against KCS, McKee had potentially viable claims against the train crew and therefore there was a reason for the crew to be defendants in the case.  Further, McKee did not have the burden of proving her claims, rather KCS had the burden to

---

[4] KCS also argues that McKee never submitted any evidence to the district court concerning her claims against the train crew until she submitted her Motion to Reconsider and that Federal Rule of Civil Procedure 60(b) requires any newly discovered evidence in support of a motion to reconsider can only be submitted if it was previously undiscoverable.  We recognize McKee may not have been helpful in assisting the district court in its evaluation of the case, however, at the stage of the litigation where McKee's joinder of the non-diverse defendants was tested it was not necessary that McKee prove her claims against the non-diverse defendants but rather only that she have claims to be proven against these defendants.  Further, this appeal concerns the possibility that there were viable claims against non-diverse defendants and therefore there was not complete diversity and the court lacked subject matter jurisdiction.  Because subject matter jurisdiction can be raised at any time and the case must be remanded if the federal court lacks jurisdiction, we reject KCS's timing arguments. <u>See</u> 28 U.S.C. § 1447(c).

14

prove the non-diverse defendants were fraudulently joined.

KCS also argues that McKee never did submit evidence, even at trial, sufficient to sustain her claims against the train crew. KCS's argument is that the train crew, as a matter of Mississippi law, could not be negligent unless in the face of KCS's evidence purporting to show that the crew was not negligent, McKee could offer something more than the statements of individuals who did not hear the horn and could contradict the evidence offered concerning the improper lookout and failure to maintain control claims. This argument, however, goes to merits of McKee's case and not the joinder of the train crew. As McKee notes, the fact that the trial court let several of these issues go to trial against KCS indicates McKee's claims had enough viability to overcome summary judgment, which we know from Travis is certainly enough to withstand the charge of fraudulent joinder. Id. at 648-49. Therefore, there was no fraudulent joinder and the case should have been remanded to the state court because the federal district court lacked diversity jurisdiction because the non-diverse defendants, Robinson, Duett, and Everett, were properly joined. We realize this case has already proceeded through a related appeal concerning MDOT and the City of Forest, and a full trial against KCS; however, because the federal courts are courts of limited jurisdiction and because without complete diversity the federal courts do not have subject matter jurisdiction over a case that does not concern a federal question, and because the presence of the train crew destroyed

15

diversity, the district court should have remanded the case. We again take note that the burden of proving fraudulent joinder is a heavy one and unless it is clear that the non-diverse defendants have been fraudulently joined the case should be remanded to the state court from which it was removed.

Finally, because we have determined the district court erred in not remanding the case to the state court we do not address whether the district court erred in its supplemental instruction to the jury after the jury submitted a question to the court.

## CONCLUSION

Having carefully reviewed the record of this case, the parties' respective briefing and arguments, for the reasons set forth above, we reverse the decision of the district court denying McKee's Motion to Remand, vacate the jury verdict and final judgment of the district court and remand the case with instructions for the district court to remand the case to the state court from which it was removed.

**VACATED, REVERSED AND REMANDED.**

16