Larry WALKER and Joyce Walker, Plaintiffs,

v.

CITY FINANCE COMPANY; et al., Defendants.

No. 4:01cv189–M–B.

United States District Court, N.D. Mississippi, Greenville Division.

March 29, 2004.

Isaac K. Byrd, Jr., Byrd & Associates, Christopher Wayne Cofer, Cofer & Associates, PA, Jackson, MS, for Plaintiffs.

Jess Hays Dickinson, Dickinson, Ros, Samson & Nelms, PLLC, Katharine M. Samson, Watkins, Ludlam, Winter & Stennis, P.A., Gulfport, MS, William F. Ray, Katherine A. Smith, Watkins & Eager, Charles E. Griffin, Griffin & Associates, Walter D. Willson, Wells, Marble & Hurst, PLLC, Jackson, MS, Andrew N. Alexander, III, Lake Tindall, LLP, Greenville, MS, for Defendants.

## ORDER

MILLS, District Judge.

This cause comes before the court on its own motion addressing jurisdictional concerns raised by the Fifth Circuit's decision in *Smallwood v. Illinois Central Railroad Co.*, 352 F.3d 220 (5th Cir.2003). For the reasons discussed *infra*, the court concludes that the stay previously entered in this case should be lifted and that, after a brief period of additional discovery, defendants should be allowed to re-submit their motions for summary judgment which the court had previously dismissed, pending resolution of the court's jurisdictional concerns.

On June 26, 2001, plaintiffs Larry and Joyce Walker filed this action against defendants City Finance Company, Washington Mutual Finance Group, LLC, Washington Mutual, Inc., Jefferson Pilot Financial Insurance Company, American Security Insurance Company (ASIC) and Union Security Life Insurance Company (USLC), seeking recovery for fraud arising out of the sale of allegedly overpriced and unneeded credit insurance products which were offered as part of financing transactions among the parties. Plaintiffs also sued three nondiverse insurance agents who, plaintiffs alleged, had made misrepresentations in connection with the transactions. Defendants removed this case on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. In denying a motion to remand filed by plaintiffs, the court previously found that plaintiffs had

no possibility of recovery against the nondiverse insurance agents, based upon the running of the three-year statute of limitations. *See* Miss.Code Ann. § 15–1–49. The most recent financing transaction in this case occurred in 1987, and the court rejected plaintiffs' arguments that their claims against the nondiverse agents were timely filed. These three agents were accordingly dismissed from this action.

Subsequently, the remaining defendants filed a motion for summary judgment, seeking dismissal of the claims against them on the basis of the same statute of limitations defense successfully relied upon by the non-diverse agents. On February 2, 2004, this court issued a memorandum opinion and order noting the court's concerns regarding the jurisdictional basis for this case in light of the Fifth Circuit's decisions in *Smallwood* and *Collins ex rel. Collins v. American Home Products Corp.*, 343 F.3d 765, 768 (5th Cir.2003). In *Smallwood*, a Fifth Circuit panel, *citing Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914), concluded that defenses which are common to all defendants may not serve as a basis for a finding of fraudulent joinder. *Smallwood*, 352 F.3d at 222. In *Collins*, a different Fifth Circuit panel, citing *Smallwood*, concluded that the district court had improperly considered a defense applicable to all defendants in ruling that the nondiverse defendants in that case had been fraudulently joined. *Collins*, 343 F.3d at 768.

In its prior order, this court expressed doubts as to whether, in denying the plaintiffs' motion to remand, it had improperly considered defendants' arguments that the nondiverse defendants in this case were fraudulently joined based on the running of the statute of limitations. The court continues to have these doubts. *See Huckaby v. Gans & Smith Ins. Agency, Inc.*, 293 F.Supp.2d 715, 721 (E.D.Tex.2003); *Cascio v. Conseco Life Ins. Co.*, 2003 WL 22243521 (N.D.Miss.2003)(refusing to consider allegations of fraudulent joinder on statute of limitations grounds, based on *Smallwood* ). However, the court also raised the possibility in its order that defendants would still be able to establish fraudulent joinder in this case based upon some grounds other than a common defense barred by *Smallwood*.

In this vein, the parties have re-submitted their motions and briefs which they previously filed in connection with the motion to remand in this case. Following a review of these remand pleadings, it is apparent that defendants submitted arguments and proof that plaintiffs' claims against the nondiverse defendants were barred on bases which do not implicate the common defense concerns raised in *Smallwood*. This court found it unnecessary to address these alternative jurisdictional bases in its opinion denying remand, given that it found that the claims were barred by the running of the statute of limitations. However, it appears from *Collins* that this court should now consider these alternative jurisdictional bases raised by defendants in determining whether it has jurisdiction over this case.

In *Collins*, the Fifth Circuit found that it had no jurisdiction to consider whether a federal vaccine act served to bar claims against the resident defendants, given that any immunity provided by the act applied equally to all defendants. *Collins*, 343 F.3d at 768. Significantly, the *Collins* panel also considered whether alternative bases for fraudulent joinder might exist based upon state law, but the court found that any such defenses likewise constituted common defenses under *Smallwood*. *Id.* at 769, n. 1. Implicit in the aforementioned holding is that, if the defendants in *Collins* had raised fraudulent joinder defenses

which were *not* common to all defendants, the court might validly have considered those arguments, notwithstanding the fact that the defendants had raised other defenses which were common to all defendants. *Collins* thus suggests that, in considering allegations of fraudulent joinder, the court should ignore any common defenses raised by defendants but that it should consider any non-common defenses which might serve to preclude recovery against non-diverse defendants.

In opposing remand, defendants submitted deposition testimony from each of the plaintiffs which indicates that they had no possibility of recovery against the three nondiverse agent defendants, regardless of statute of limitations concerns. In her deposition, Joyce Walker testified as follows:

Q: Okay. Do you remember who the individual who went through the documents with you was on the 1984 loan?

A: No, I don't know who it was.

Q: In regard to the 1987 loan, do you remember what agent or loan officer you dealt with?

A: I sure don't, no.

Q: Okay, do you have any specific recollection whether Mr. Elmore or Ms. Provis or Ms. Paxton made any statements to you regarding insurance for the 1987 loan?

A: No.

Larry Walker testified in his deposition as follows:

Q: With regard to the 1987 loan, do you remember—or can you state any specific statement that Robert Elmore, Anita Paxton or Sandra Provis made to you?

A: No, never had any contact with Paxton or Anita. Everything was handled through Sandra.

Q: Can you recall any specific statement that Sandra Provis made to you in regard to those loans?

A: No. In the morning I would call, and she'll tell me, "let me check to see what your credit reference is like,"—maybe if we were going to use for credit—and check with me later on that day or whatever.

Defendants note that Larry Walker later testified that he felt that if he did not purchase credit insurance that he could not obtain the loan he sought, but he admitted that this was merely his feeling, rather than anything the agent had told him.[1]

In their brief in support of remand, plaintiffs merely restated the allegations of their complaint, including their allegation that "defendants fraudulently represented to plaintiffs that the insurance products were a necessary part of the loan package." However, plaintiffs may not simply rest upon the bare allegations of their complaint, considering that defendants submitted actual proof demonstrating that plaintiffs' fraud claims lack merit as to the nondiverse defendants. *See Badon v. RJR Nabisco Inc.,* 224 F.3d 382, 393–94 (5th Cir.2000) (noting that, where defendants

---

1. Defendants also argue that, even assuming that plaintiffs had been able to recall specific representations made by any of the resident agents, any reliance upon those representations would have been unreasonable in light of clear disclosures in the financing documents. This argument appears to have merit, *see Ross v. Citifinancial, Inc.,* 344 F.3d 458, 463–64 (5th Cir.2003), although it is unneces-

sary for the court to expressly consider it. Under the broadest reading of the *Smallwood* opinion, these defenses might be considered "common" defenses, and the court therefore declines to specifically address them, even though it appears likely that the term "common defenses" will eventually be given a more narrow interpretation by the Fifth Circuit.

have submitted proof of fraudulent joinder, "[w]e do not ... in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts.") The evidence submitted by defendants persuades this court that plaintiffs would have had no reasonable possibility of recovering against the nondiverse defendants in this case, even if those claims had not been time-barred.

Defendants thus made a compelling case for the fraudulent joinder of the nondiverse defendants in this case based on defenses which, in the court's view, do not implicate the common defense concerns raised in *Smallwood*. In their complaint, plaintiffs raised allegations of certain fraudulent practices by the diverse corporate defendants, the viability of which is not precluded by their lack of proof regarding misrepresentations on the part of the non-diverse agents. Unlike in *Cockrell*, plaintiffs' claims in this case against the diverse defendants are not based solely upon *respondeat superior* liability for the actions of the non-diverse agents, and any defenses which preclude liability on the part of the non-diverse agents do not, *per se*, constitute common defenses. The court therefore reaffirms its conclusion that the three resident agent defendants in this case were fraudulently joined parties who were entitled to dismissal from this action.

Having resolved its jurisdictional concerns, the court now addresses the statute of limitations defense previously raised by the remaining diverse defendants in this case. In its prior order, the court found that this limitations defense likely had merit, but the court dismissed the motion for summary judgment without prejudice to refiling, pending resolution of the court's jurisdictional concerns. While the defendants will, no doubt, wish to resubmit their motions for summary judgment, the court concludes that they should wait at least sixty (60) days from the issuance of this order to do so, so that the parties may conduct additional discovery. In opposing summary judgment, plaintiffs relied largely upon an argument that they had not been provided an opportunity to adequately conduct discovery on statute of limitations issues as they relate to the diverse defendants. While the court found this argument to be unpersuasive, it will, out of an abundance of caution, grant plaintiffs a limited period to conduct discovery regarding any issues (including statute of limitations issues) raised in defendants' prior motion for summary judgment.

In light of the foregoing, it is ordered that

1. The court hereby withdraws any reference to statute of limitations issues in its prior order denying remand in this case. The orders denying remand and dismissing the non-diverse defendants nevertheless stand, however, for the reasons discussed in this order;

2. The stay which was previously entered in this case is hereby lifted so that the parties may conduct discovery relating to the issues raised in defendants' prior motion for summary judgment;

3. Defendants may re-submit their motions for summary judgment at any time after sixty (60) days have passed from the issuance of this order.