Merlean MARSHALL, Alphonzo Marshall, and Eric Shepard, Individually and on Behalf of All Wrongful Death Beneficiaries of Lucy R. Shepard, Deceased Plaintiffs

v.

KANSAS CITY SOUTHERN RAILWAY COMPANY, Eric W. Robinson, the Estate of Robert E. Everett, C.L. Duett and John Does 1 Through 10 Defendants

No. CIV.A. 3:04CV871BN.

United States District Court, S.D. Mississippi, Jackson Division.

April 20, 2005.

Herbert Lee, Jr., Lee & Associates, Leonard McClellan, Lee & Associates, Jackson, MS, Roy Noble Lee, Jr., Lee & Lee, Thomas D. Lee, Lee & Lee, MS, for Merlean Marshall, Alphonzo Marshall, Eric Shepard individually and on behalf of all wrongful death beneficiaries of Lucy R. Shepard, deceased, Plaintiffs.

Charles T. Ozier, Wise, Carter, Child & Caraway, Charles H. Russell, III, Wise, Carter, Child & Caraway, Jackson, for Kansas City Southern Railway Company, Defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiffs' Motion to Remand. Having considered the Motion, the Response and the Rebuttal, as well as supporting and opposing authority, the Court finds that it is well taken and should be granted.

### I. Background and Procedural History

On July 10, 1998, a collision between a train and an automobile occurred at the Cedar Street railroad crossing in Forest, Scott County, Mississippi. The automobile was driven by Lucy R. Shepard, who died of injuries suffered in the accident. Phyllis Body McKee, a passenger in Shepard's car, was injured as well. The train was owned by Kansas City Southern Railway Company (hereinafter "KCRR"). Eric Robinson, Robert Everett and C.L. Duett comprised the crew that was operating the KCRR train at the time of the accident.[1] This accident spawned the filing of three lawsuits, two of which are practically identical.

The first of the three suits discussed herewith was filed by McKee against KCRR, Eric Robinson, Robert Everett, C.L. Duett and two other entities (herein-

---

1. Robinson and Duett were the engineers, and Everett was the conductor.

after "McKee suit"). The significance of the McKee suit in relation to the subject issues is addressed in a subsequent section of this Opinion.

The McKee suit was filed in the Circuit Court of Scott County, Mississippi. As to Defendants Robinson, Everett and Duett, the claims in the McKee suit were, *inter alia,* operation of the train at an excessive rate of speed, failure to keep a proper lookout for auto traffic at the crossing, failure to keep the train in proper control and failure to blow the train's whistle and/or to sound the train's bell at appropriate times.

The McKee suit was removed to this Court on the jurisdictional basis of diversity of citizenship. The case was assigned to Judge Henry T. Wingate. In the Notice of Removal, Defendants alleged that Robinson, Everett and Duett were fraudulently joined. Arguing a contrary position, Plaintiff filed a Motion to Remand, which was denied by Judge Wingate. Through the Order which denied the Motion to Remand, Judge Wingate also dismissed Defendants Robinson, Everett and Duett, finding that they were fraudulently joined. The case against KCRR then proceeded to trial from February 10 through February 14, 2003. The jury returned a verdict in favor of KCRR.

After the trial, McKee appealed the case to the United States Court of Appeals for the Fifth Circuit. McKee contended that Judge Wingate erred in denying her Motion to Remand and in dismissing Defendants Robinson, Everett and Duett. In a reported opinion, the Fifth Circuit agreed with McKee. *McKee v. Kansas City S. Railway Co.,* 358 F.3d 329 (5th Cir.2004). The McKee case was remanded to this Court, with instructions to vacate the jury verdict and final judgment. *Id.* at 337. With the re-joinder of Robinson, Everett and Duett in the case, diversity of citizenship jurisdiction was destroyed. There-

fore, the Fifth Circuit further ordered the remand of the McKee case to state court. *Id.*

The second of the three suits discussed herewith was filed on July 20, 1998, in the Circuit Court of Scott County, Mississippi. Merlean Marshall, Alphonzo Marshall and Eric Shepard, individually and as the wrongful death beneficiaries of Lucy R. Shepard, filed suit against KCRR, Eric Robinson, Robert Everett and C.L. Duett. That case is referred to herewith as the "Shepard 1" suit.

The claims in Shepard 1 were failure to install proper safety devices (asserted against KCRR), failure to properly maintain the railroad crossing (asserted against KCRR), failure to keep a proper lookout and failure to sound the train's horn (asserted against all Defendants), operation of the train at an excessive rate of speed (asserted against all Defendants) and failure to properly maintain the right-of-way (asserted against KCRR). The Shepard 1 suit was removed to this Court on June 22, 1999, and was assigned to Judge Wingate. As in the McKee suit, Defendants argued that Robinson, Everett and Duett, the only non-diverse Defendants, were fraudulently joined. Therefore, Defendants contended, the Court properly had diversity of citizenship jurisdiction over the case.

Plaintiffs in Shepard 1 filed a Motion to Remand, which was denied by Judge Wingate. Consequently, Robinson, Everett and Duett were dismissed from the case. After the jury rendered its verdict in favor of KCRR in the McKee suit, Plaintiffs filed a Motion in Shepard 1 titled "Motion for Entry of Final Judgment in Favor of Defendant." Judge Wingate granted that Motion, and an "Order of Dismissal and Entry of Final Judgment" was entered in Shepard 1 on September 30, 2003. It is important to note that the Order of Dismissal and Entry of Final Judgment did

*not* state whether the case was dismissed *with prejudice,* or whether it was dismissed *without prejudice.* After Shepard 1 was dismissed, Plaintiffs appealed the case to Fifth Circuit. Finding that Judge Wingate dismissed Shepard 1 *without prejudice,* the Fifth Circuit dismissed the appeal based on lack of jurisdiction. *Marshall v. Kansas City S. Railway Co.,* 378 F.3d 495, 501 (5th Cir.2004).

The series of events which transpired in Shepard 1 led to the filing of the subject cause of action, which is sometimes referenced herewith as "Shepard 2." Shepard 2 was filed on August 16, 2004, in the Circuit Court of Scott County, Mississippi. The same parties are named as Plaintiffs and Defendants in Shepard 1 and Shepard 2. With the exception of the omission of the claim for operating the train at an excessive rate of speed, the claims in Shepard 1 and Shepard 2 are identical as well.

Shepard 2 was removed to this Court on October 21, 2004. In the Notice of Removal, Defendants contend that the non-diverse Defendants, Robinson, Duett and the Estate of Everett, were fraudulently joined. Therefore, Defendants assert that this Court must exercise diversity of citizenship jurisdiction over the case. Plaintiffs filed the subject Motion to Remand on November 14, 2004. The Motion to Remand is now ripe for consideration.

## II. Fraudulent Joinder Standard [2]

■ The initial step in any fraudulent joinder analysis is determining whether "common defenses" apply to both the diverse and non-diverse defendant. A common defense is described as a defense, which if successfully argued by a movant who asserts fraudulent joinder, is equally dispositive of *both* the non-diverse defendants *and* the diverse defendants. *Small-*

*wood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 575 (5th Cir.2004)(*en banc*). If a common defense is involved in a movant's fraudulent joinder argument, then the Court must also consider if a successful outcome to the argument will result in the dismissal of *all* claims against *all* defendants. The importance of this step of the analysis is described by the Fifth Circuit in *Rainwater v. Lamar Life Ins. Co.,* 391 F.3d 636 (5th Cir.2004).

> If that court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then *Smallwood* would require remand to state court (where, presumably, the entire case would be dismissed). If, however, the district court should determine that the [ ] defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.

*Id.* at 638–39 (emphasis in original). Under the holdings in *Smallwood* and *Rainwater,* if a common defense disposes of all claims against all defendants, then the case must be remanded to state court. If it does not, then the fraudulent joinder analysis continues as follows.

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In

---

**2.** "Fraudulent joinder" is called "improper joinder" in some Opinions rendered by the Fifth Circuit.

cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving [ ] fraud" in the joinder of the non-diverse defendant. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).

■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir., 2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Exam'r*, 204 F.3d 629, 633 (5th Cir.2000).

In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

[T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis*, 326 F.3d at 648 (emphasis in original)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon*, 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant." *Id.*

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). This precludes a federal court from applying an *Erie* analysis in determining a fraudulent joinder issue. However, a plaintiff can defeat a defendant's fraudulent joinder argument "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon*, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). Also, when analyzing the issues the court must consider the status of discovery in the case. *McKee*, 358 F.3d at 334. In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state

law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

### III. Fraudulent Joinder Analysis

As stated above, the first issue that must be analyzed in any fraudulent joinder analysis is determining whether "common defenses" apply to both the diverse and non-diverse defendants. In response to Plaintiffs' Motion to Remand, Defendants assert three arguments. First, Defendants state that Plaintiffs' claims against the non-diverse Defendants are barred by the doctrines of *res judicata* and collateral estoppel. Second, they argue that the statute of limitations bars the claims against the non-diverse Defendants. Third, Defendants contend that under the facts of this case, Plaintiffs have asserted no viable causes of action against the non-diverse Defendants.

■ Although the claims against KCRR and the non-diverse Defendants are not identical, a finding that the statute of limitations bars the claims against the non-diverse Defendants would equally bar the claims against KCRR. Accordingly, the Court finds that the statute of limitations defense represents a "common defense," as contemplated by *Smallwood.* Therefore, this Court is barred from further consideration of the statute of limitations issue. The Court notes that this finding does not bar Defendants from arguing this issue in state court after remand.

Next considered is Defendants' argument that under the facts of this case, Plaintiffs have asserted no causes of actions against the non-diverse Defendants for which a Mississippi state court may grant relief. The Court finds that consideration of this issue is not barred under the common defense theory espoused in *Smallwood.* However, the Fifth Circuit has already considered and rejected similar arguments asserted by the Defendants in the McKee suit. *See, McKee v. Kansas City S. Railway Co.,* 358 F.3d 329 (5th Cir.2004). Based on the holdings of the Fifth Circuit in the McKee suit, and based on this Court's own review of the facts and claims in this case, the Court finds that Plaintiffs have asserted claims against the non-diverse Defendants for which a Mississippi state court *may* grant relief. The Court rejects Defendants' arguments on this issue.

Defendants' final argument pertains to *res judicata* and/or collateral estoppel. Whether these issues are barred from consideration by the *Smallwood* common defense theory is a close call. The Court will give the benefit of the doubt to Defendants on this issue. However, as indicated below, the *res judicata* and/or collateral estoppel arguments provide no basis for this Court to retain jurisdiction over the case.

Defendants argue that the claims against the non-diverse Defendants in this case are barred because the claims were already asserted and subsequently dismissed in Shepard 1. This argument is not well taken. Defendants succeeded in having the Shepard 1 appeal to the Fifth Circuit dismissed because Judge Wingate's dismissal of that case at the trial court level was found to be *without prejudice.* Defendants now seek to convert that same trial court dismissal of Shepard 1 into a final adjudication which bars the reassertion of Plaintiffs' claims against the non-diverse Defendants in this suit, Shepard 2.

If Defendants argument on this issue were correct, then the appeal process would be denied to Plaintiffs. That is, on the one hand Plaintiffs' appeal in Shepard 1 was denied for lack of jurisdiction because Judge Wingate's Order was not "final," or "with prejudice." On the other hand, if this Court and the Fifth Circuit were to agree with Defendants' current

argument, then the merits of Plaintiffs' claims against the non-diverse Defendants in Shepard 2 could not be considered by the Fifth Circuit on appeal because the issues and claims have already been finally adjudicated. Therein lies the logical (and legal) flaw in Defendants' argument. The Court must therefore reject the *res judicata* and collateral estoppel arguments of Defendants. With the failure of this third and final fraudulent joinder argument, the Court finds that Plaintiffs' Motion to Remand must be granted.

### IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (docket entry no. 7) is hereby granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Scott County, Mississippi